## Case No. 16,672.

### UNITED STATES v. WHITAKER.

[6 McLean, 342.] [1]

Circuit Court, D. Ohio.  April Term, 1855.

POSTOFFICE—ABSTRACTION OF LETTER BY POST-MASTER—EVIDENCE.

1. Where a post-master is charged with abstracting a letter from the mail, containing money, to fix the charge it is usually necessary to examine the post-masters and assistant post-masters, between the office where the letter was deposited to be mailed, and the office to which it was directed.

2. And at such office the clerks or persons who received and opened the mail should be examined. This testimony is especially necessary on the part of the prosecution, where the accused proved au exemplary character during his whole life.

[Cited in State v. Northrup, 48 Iowa, 585.]

Mr. Morton, U. S. Dist. Atty.
Mr. Joliffe, for defendant.

McLEAN, Circuit Justice. This is an indictment against the defendant [James Whitaker], who acted as assistant post-master at —— post-office, for stealing a letter from the mail containing ninety-three dollars. The letter was proved to have been mailed at Withamsville, the money being counted and handed to the defendant to be enclosed in a letter and directed to Stephen Clark, Cincinnati. but was never received, as proved by Mr. Clark, nor did it appear to have been received by the account of mails received at the Cincinnati office. The defendant, sometime after the deposit of the money, called one or more witnesses to notice the fact that he enclosed the money in the letter, sealed it, but no one swears to the fact that it was mailed, but such were their impressions, as

1 [Reported by Hon. John McLean, Circuit Justice.]

at the time of enclosing the money he was putting up the mail. A proposition was made to the defendant, if he would pay, or secure the payment of the money to Mr. Clark, the matter would not be prosecuted, which the defendant refused. The persons who usually opened the mail in the Cincinnati office were examined, but all the persons through whose hands the letters passed were not examined. In the defense it was shown that letters directed to Cincinnati, on the same route, west of the defendant's office had miscarried, and also, that letters directed to the Cincinnati office on other routes had never been received. It was proposed to prove that the assistant post-master at Mount Washington, the next office to the Witham office, on the route to Cincinnati, was suspected, and that at one time he had been charged with passing counterfeit money. But the court overruled the testimony, on the ground that the person had not been examined as a witness, and that his general character could not be assailed. Some ten or twelve witnesses were then called, who proved the good character of the defendant. In the cross examination of one or two of the witnesses to the good character of the defendant, they were asked whether the defendant had not, at one time, been charged with passing counterfeit money. This was not objected to by the defendant, and was explained by showing of whom he had received the bank note, as good, on which the charge was founded. This circumstance, it was proved, had not in the least affected the fair character of the defendant in his neighborhood.

The court remarked to the jury that the exemplary character of the defendant, as proved, should have weight in their deliberations. That before the letter reached Cincinnati it passed through the office at Mount Washington, and one or two other offices before it reached Cincinnati, and at that office it passed through the hands of clerks, and there were others who had access to it. The defendant admitted the letter and the money were deposited in the office, to be forwarded in the mail. Upon the whole, the court remarked, unless you come to the conclusion that the defendant is guilty, beyond reasonable doubt, you will acquit him.

The jury found the defendant not guilty.