THE STATE v. NORTHRUP ET AL.

1. **Criminal Law**: EVIDENCE: GOOD CHARACTER. A person accused of a crime is in all cases permitted to introduce evidence tending to establish his previous good character, and it is for the jury, without instructions from the court in reference thereto, to determine its weight as they would that of any other fact in evidence.

2. ———: ALIBI: EVIDENCE. It requires only a preponderance of evidence to establish the defense of *alibi*.

*Appeal from Mitchell District Court.*

MONDAY, JUNE 10.

INDICTMENT for larceny. The defendants, having been convicted, appeal.

*L. M. Ryce*, for appellants.

*J. F. McJunkin, Attorney General*, for the State.

SEEVERS, J.—I. The principal evidence against the defendants was that of an acknowledged accomplice, without which there could not have been a conviction. The defendants gave evidence tending to show they were persons of good character, and the court instructed the jury as follows:

*1. CRIMINAL law: evidence: good character.*

"14. A person charged with crime is permitted to show, as a circumstance in his defense, that his character as to the trait involved in the charge was good previous to its being made; and in cases of doubt, or where the evidence is obscure or circumstantial, it may be a strong circumstance when satisfactorily shown, and may of itself be sufficient to turn the scale in his favor.

"15. But, generally, it is a circumstance of but slight weight, and entitled to but little consideration, when the proof

is clear and direct.   The jury are to judge of its weight according to the circumstances in the case before them."

It is insisted these instructions are erroneous.

At one time the rule was that evidence of good character was admissible in capital cases only.   But at the present day the well-settled law is, that the defendant may introduce such evidence in all criminal cases where the object of the prosecution is to punish the offender for the crime.   3 Greenleaf on Evidence, § 25.

The admissibility being settled, the authorities are not in accord as to its effect, or, rather, whether it should be considered by the jury in all cases, or only those in which there are doubts as to the guilt of the accused.

In 2 Starkie, 303, 7 American Edition, it is said that good character is entitled to but little weight, except in doubtful cases, and substantially the same doctrine will be found in 1 Phillips on Evidence, 469.

In 3 Greenleaf on Evidence, § 25, it is said : "The admissibility of this evidence has sometimes been restricted to doubtful cases, but it is conceived that, if the evidence is at all relevant to the issue, it is not for the judge to decide, before the evidence is all exhibited, whether the case is in fact doubtful or not, nor indeed afterward, the weight of the evidence being a question for the jury alone.   His duty seems to be to leave the jury to decide upon the whole evidence whether an individual, whose character was previously unblemished, is or is not guilty of the crime of which he is accused."   This view accords with that expressed in 2 Russ. on Crimes, 785, 786 ; 1 Bishop Criminal Procedure, § ´88 ; and Bennett and Heard's Notes to 2 Leading Criminal Cases, 351.   Neither Roscoe nor Wharton have given their individual views, but they have apparently adopted those expressed by Sir William Russell. Roscoe's Criminal Evidence, 76 ; American Criminal Law, §§ 643, 644.

The leading adjudicated case in favor of the rule that such evidence cannot avail the defendant except in a doubtful case,

is *The Commonwealth v. Webster*, 5 Cush., 295. See also, as being in accord therewith, *The State v. Wells*, 1 Coxe, 424; *United States v. Roudenbush*, Baldwin, 514; *The People v. Hammill*, 2 Parker, 223; *The People v. Cole*, 4 Id., 35; *United States v. Smith*, 2 Bond, 323.

In *Stephens v. The People*, 4 Parker, 396, and *Lowenberg v. The People*, 5 Id., 414, the jury was instructed that good character might raise the doubt entitling the prisoner to an acquittal, and the weight to be given thereto was for the jury in each case. The defendants having been found guilty in each case, no point was raised, as we understand, in the appellate court as to the validity of the instructions.

The doctrine announced in the Webster case has been disapproved and condemned in *Cancemi v. The People*, 16 N. Y., 501; *The People v. Ashe*, 44 Cal., 288; *The People v. Garbutt*, 17 Mich., 9; *Harrington v. The State*, 19 Ohio St., 264. The rule of these cases is sustained by *The State v. Henny*, 5 Jones, N. C., 65; *Jupetz v. The People*, 34 Ill., 516; *The State v. McMurphey*, 52 Mo., 251; *United States v. Whitaker*, 6 McLean, 342; *Commonwealth v. Carey*, 2 Brewster, 414; *Epps v. The State*, 19 Geo., 102; *Felix v. The State*, 18 Ala., 720; *Carson v. The State*, 50 Id., 134; *Ryan v. The People*, 19 Abb. Pr. R., 232.

In *Wesley v. The State*, 37 Miss., 327, it is in substance said that good character is no defense, and the better course is to submit the question as to its effect to the jury; but it would be going too far to lay it down as a fixed rule that it is sufficient to raise a reasonable doubt.

This question was somewhat considered in *The State v. Turner*, 19 Iowa, 144. The opinion is exceedingly brief, consisting of but a few lines so far as this point is concerned, and while it may not be clear and certain, yet we think the only rule established is "that in all cases a good character is to be considered."

The instruction given in that case, it was thought, did not militate against the rule above referred to. As to the correct-

ness of this last proposition we incline to think there may be some doubt.

In substance, the jury were told, in the instructions given in the present case, that evidence of the defendants' good character could not be of any benefit or avail them anything, unless the question of their guilt was doubtful upon a consideration of the evidence other than that in relation to their good character.

As we have seen, the weight of modern authority, whether we look to the text books or adjudicated cases, is in favor of the proposition that the good character of the accused is for the consideration of the jury in all cases, and it is for them to determine its weight without any instructions from the court, such as were given in the present case, and this on principle, we think, must be the correct rule.

If the jury have reasonable doubts of the guilt of the accused, it is their duty to acquit. Hence, in that class of cases, the evidence would be unnecessary and useless. But there may be cases, and undoubtedly are such, where, without such evidence, the jury would and should convict; and with it, they would and should acquit. A long and honorable life must be worth something to a man when accused of a crime in cases other than those where the evidence, independent of his good character, is doubtful or obscure. The conclusive presumption must be indulged that juries follow the instructions of the court. Therefore, under the instructions it was their duty first to determine whether the evidence was doubtful or obscure without reference to that in relation to character, and if this question was determined in the affirmative, then a verdict of guilty follows.

This places the man who affirmatively establishes a good character on the same plane with one who has not or cannot do so. No presumption exists against one who does not attempt to establish a good character except such as can be legitimately drawn from the evidence. Therefore, the same quantity and quality of evidence should make a clear or strong

case against both. The evidence which creates a doubt, unless good character may be considered in determining whether such a doubt exists or not, must necessarily be the same as to all men and cases, if the rule of the instructions in this case be correct.

We cannot subscribe to any such doctrine. Good character, like all other facts in the case, should be considered by the jury, and if therefrom a reasonable doubt is generated in the mind of the jury as to the guilt of the accused, it is their duty to acquit.

Of course we must not be understood as saying that good character is a defense, for it is not as a matter of law. But it is a fact for the consideration of the jury, as are all the other facts in the case, and they must determine its weight in all cases.

II. The jury were instructed that to maintain the defense of *alibi* the burden was on the defendants, but that they were only required to prove it by a preponderance of the evidence. This is in accord with *The State v. Vincent*, 24 Iowa, 570.

2. ———: alibi: evidence.

It is said there is a want of unanimity in the authorities on this question, and there are differences among the members of the court in relation thereto. *The State v. Hardin et al.*, 46 Iowa, 623. But a majority of the court adhere to the rulings heretofore made, under the belief that the decided weight of authority is in accord therewith.

Other errors are assigned and ably discussed by counsel, but we do not believe them to be well taken. For the reasons above stated the cause is

REVERSED.