## THE STATE v. HORNING.

1. **Criminal Law: EVIDENCE: GOOD CHARACTER.** Good character may be proved like any other fact in the case, and if it raises a reasonable doubt of defendant's guilt he is entitled to an acquittal.

*Appeal from Des Moines District Court.*

WEDNESDAY, SEPTEMBER 18.

THE defendant was indicted for the robbery of one E. Lalor of one fifty-dollar bill, and two five-dollar bills; was tried, convicted, and sentenced to the penitentiary for three years. He appeals.

*Poor & Millspaugh* and *A. H. Stutsman*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

DAY, J.—The defendant introduced a number of witnesses, who testified that his character for honesty was good. Respecting this testimony the court instructed as follows: "If you have found the defendant has heretofore had and maintained a good character, from the evidence before you, such will go far to rebut any presumption of guilt arising from circumstantial evidence against him, if any; but if there is positive evidence showing his guilt—that is, the testimony of witnesses, or one reliable or credible witness, whom you believe, who saw or witnessed the facts showing guilt—then good character avails nothing, and you will disregard it entirely, even if fully proved." This instruction is at variance with the rule laid down in *State v. Northrup*, 48 Iowa, 583. In that case it was substantially held that in all cases "good character, like all other facts in the case, should be considered by the jury, and if therefrom a reasonable doubt is generated in the mind of the jury as to the guilt of the accused, it is their duty to acquit." The

testimony in this case does not warrant the latter part of this instruction, even if it might, in a proper case, be given without prejudicial error. There is no positive evidence that the defendant took the money in question from the person of Lalor. The evidence shows that Lalor, at the time of the alleged robbery, was very much intoxicated. He left Zeller's saloon with the money in his outside overcoat pocket. He did not examine his pockets until he reached home, when he discovered the money was gone. None of it was found in the defendant's possession. Lalor, in his intoxicated condition, may have lost the money on his way home. The evidence is not of a character to justify the court in charging that the jury might disregard entirely proof of good character, even if fully proved, nor can we say that the instruction, under the evidence, could have worked no prejudice.

REVERSED.