The State v. Fitzgerald.

THE STATE v. FITZGERALD.

1. **Criminal Law**: PRACTICE: ATTORNEY. An attorney may be employed by private parties to assist the district attorney in the prosecution of a criminal case, with the consent of the court and district attorney.

2. ———: ABORTION. The crime of attempting to produce the miscarriage of a pregnant woman is complete, if the attempt is made at any time during pregnancy.

3. ———: ———: INTENT. The fact that the accused used a substance which would not produce a miscarriage, would constitute no defense if he employed it with a criminal intent.

*Appeal from Mahaska District Court.*

TUESDAY, OCTOBER 22.

THE defendant was indicted for wilfully administering to a pregnant woman a drug and substance, and using an instrument and other means, with intent to produce the miscarriage of such pregnant woman.

Upon a trial there was a verdict of guilty, and the defend-

ant was sentenced to the penitentiary for nine months. Defendant appeals.

*John F. Lacey,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

ROTHROCK, CH. J.—I.  J. A. L. Crookham appeared at the instance of private parties to assist the district attorney in the trial of the cause. There was no order of the court appointing said Crookham as associate counsel. The defendant objected to his appearance, and objected to his making any argument in the cause, and to his taking any part therein. The objection was overruled, and the defendant insists that this ruling was erroneous.

> 1. CRIMINAL law: practice: district attorney.

We think the practice of allowing district attorneys to have the assistance of associate counsel in the trial of criminal cases has been too long acquiesced in, in this State, to be now called in question. Crookham did not appear as an assistant without the consent of the district attorney and the court. If he did, the objection to his taking part in the trial would have been sustained. We can see no objection to leaving the matter of allowing associate counsel in the discretion of the court and district attorney.

II.  Section 3864 of the Code provides: "If any person, with intent to produce a miscarriage of any pregnant woman, wilfully administer any drug or substance whatever, or with such intent use any instrument or other means whatever, unless such miscarriage shall be necessary to save life, he shall be imprisoned, etc."

> 2. ——; abortion.

The defendant asked the court to instruct the jury that the crime could not be committed upon a woman who was not quick with child. The instruction was, we think, correctly refused. The statute makes no such qualification. The crime consists in attempting to produce the miscarriage of any pregnant woman. The crime is complete if the attempt be made at any time during pregnancy.

III.   The evidence tended to show that the substance used in the attempt to produce the miscarriage was tobacco, and

3. ___: ___: that the instrument used was a syringe.  The
intent. medical witnesses testified that tobacco was not such a substance as would produce the result intended.  The court refused to instruct the jury that the defendant could not be convicted unless the substance administered was such as would produce a miscarriage.

In this, we think, there was no error.  The statute provides that the administering of *"any substance"* with the criminal intent shall constitute the crime.  A party who, with the necessary criminal intent, uses any substance to produce a miscarriage, surely cannot be held innocent because he mistakenly administered a drug or substance which did not produce the result intended.  It is the intent, and not the *"substance"* used, that determines the criminality.  The name of the drug or substance need not be given in the indictment. *State v. Vawter*, 7 Black., 592; *Shortwell v. The State*, 37 Mo., 359; *Com. v. Munson*, 16 Gray, 224.

IV.   The defendant is a married woman.  There was evidence upon the trial tending to show that she went to the house where the complaining witness resided, and induced her to go part of the way to defendant's house, stating that the defendant's husband wanted to see her, and that "if there was anything wrong he could bring her round."  The parties met defendant's husband, who told the witness to come to him, which she did, and the defendant then went away.

It was upon this occasion that the husband of defendant made the alleged attempt to produce the miscarriage. ˙ This occurred about May 1, 1876.

The State interrogated the witness as to conversations with defendant in October previous.  She testified that defendant told the witness that she knew her husband had had criminal intercourse with the witness, and that she did not care.  She also testified that defendant, at another time, requested her to meet her husband.  Objection to this evidence was overruled,

The State v. Fitzgerald.

and the same was admitted as tending to negative the presumption of coercion of the defendant by her husband.

The court, we think, correctly instructed the jury that a *prima facie* case of coercion was established when it was shown that the defendant was a married woman, and that the criminal act was done in the presence of the husband, and that this presumption might be rebutted by evidence that the acts of the wife were done by her while not in her husband's presence, nor so immediately near him as fairly to be held under his control, and in his presence.

Now, how the consent of the wife to the husband's illicit intercourse with the prosecuting witness, months before the alleged crime was committed, would tend to rebut the presumption of coercion, in the attempt to produce a miscarriage, we are at a loss to discover. True, it tends to show that the wife connived at her husband's adultery, but its effect would rather be to show that, instead of acting independent of the coercion of her husband, she was so entirely under his control as to consent to his adulterous intercourse with the prosecuting witness. No wife of any individuality, self-respect, or independence of thought or action, would consent to such a crime against herself.

In our opinion this evidence should not have been admitted. If it had no other tendency it was calculated to prejudice the defendant in the estimation of the jury. We are the more ready to so hold in view of the fact that the defendant showed by quite a number of witnesses that she was a woman of good character and reputation.

Other objections to the rulings of the court we do not regard as well taken, unless it may be the exception to the instruction upon the force to be given to the evidence as to the good character of the defendant. This instruction seems to be contrary to the rule established by this court in the case of *The State v. Northrup & Bartlett*, 48 Iowa, 583.

REVERSED.