The State v. Gustafson.

---

THE STATE v. GUSTAFSON.

1. **Criminal Law:** SALE OF MORTGAGED PROPERTY. An indictment for larceny, growing out of the sale of mortgaged property, must aver that the mortgage was unsatisfied at the time of the offense charged.

2. ————: GOOD CHARACTER. It is proper to instruct the jury that, in passing upon the guilt or innocence of the accused, proof of good character constitutes an ingredient to be considered by them, without regard to the character of other evidence, and that its weight is to be determined by them.

*Appeal from Webster District Court.*

THURSDAY, DECEMBER 12.

THE defendant was convicted of grand larceny, and sentenced to the penitentiary for the term of twelve months. He

now appeals to this court. The facts of the case, involved in the points ruled in the opinion, are found therein.

*Hudson & Wright,* for appellant.

*J. F. McJunkin, Attorney-General,* for the State.

BECK, J.—I. The crime for which defendant was convicted is created by Code, § 3895, which provides as follows: "If

1. CRIMINAL LAW: sale of mortgaged property.

any mortgagor of personal property, while his mortgage of it remains unsatisfied, wilfully destroy, conceal, sell, or in any manner dispose of the property covered by such mortgage, without the consent of the then holder of such mortgage, he shall be deemed guilty of larceny and punished accordingly."

The indictment charges the offense in the following language:

"The said John E. Gustafson, on the 13th day of May, 1876, in the county aforesaid, did make, execute and deliver a certain chattel mortgage of forty-five steers of the age of three years each, and fifteen steers two years old each, to one E. C. Burnett, to secure the payment of a note made by the said John E. Gustafson to said E. C. Burnett, for the sum of eight hundred and twenty-eight dollars and sixteen cents, of the same date of said mortgage, payable May 1, 1877, and the said John E. Gustafson, on the 8th day of January, 1877, in the county aforesaid, wrongfully, unlawfully, wilfully and feloniously did sell, conceal and dispose of thirty-five of the aforesaid three-year-old steers without the knowledge or consent of the said E. C. Burnett, and the said E. C. Burnett was then and there the absolute owner and the then holder of said mortgage and the said note, and the said thirty-five steers were then and there of the value of forty dollars each, and of the aggregate value of fourteen hundred dollars, the same being their value on the said 8th day of January, 1877."

It will be observed that to constitute larceny under the statute the disposition of the mortgaged property must be made

while the mortgage "remains unsatisfied." If the mortgage debt has been paid, or the mortgage in any other way has been discharged, the disposition of the property forbidden by the act would not amount to larceny. The same result would follow if the debt remained unpaid and the lien of the mortgage were released.

The indictment must allege every matter the law requires to be proved in order to authorize a conviction; every ingredient of the offense must be fully charged. A want of these requirements in the indictment cannot be supplied by the findings of the jury. These doctrines are elementary and familiar.

There is no averment in the indictment that the mortgage was, when the acts constituting the offense are laid, unsatisfied, or that the lien thereof, or the title passed thereby, was not discharged. There is no averment in the indictment that can be interpreted to express such a thought. The Attorney General insists that in averring the mortgagee "was then and there the absolute owner, and the then holder of said mortgage and note," the pleader must be understood to allege that the mortgage remained unsatisfied. We think differently. We are of the opinion that one may be the owner and holder of a satisfied mortgage and note: but if the payment of the debt pass the ownership of the instruments to the debtor, or render them valueless, so that they cannot be the subject of property, the same result would not follow if the debt remained unpaid and the mortgage lien was discharged. The papers would be of value, and would remain the property of the mortgagee, yet the mortgage would be satisfied.

II. Evidence of good character was introduced by defendant. As applicable to this defense the court gave the following instruction:

"7. While evidence of former good moral character cannot overcome positive evidence of guilt, yet it is proper for you, in the absence of positive evidence of guilt, to consider any evidence of former good moral

2. ——: good character.

character, as tending to show the improbability of defendant's having committed such an offense. But if you find the evidence positive and conclusive as to the defendant's guilt, then his former good moral character cannot be considered and weighed by you."

This instruction is erroneous, and ought not to have been given. It is in conflict with more than one prior decision of this court. See *State v. Northrup & Bartlett*, 48 Iowa, 583; *The State v. Fitzgerald*, 49 Iowa, 260.

The true rule was embodied in an instruction asked by defendant, which ought to have been given. It is in the following language:

"10. In passing upon the guilt or innocence of the defendant proof of good character constitutes an ingredient to be considered by you, without reference to the apparently conclusive or inconclusive character of the other evidence, and it is for you to determine what weight such evidence of character shall have with you."

For the errors above pointed out the judgment of the District Court must be

REVERSED.