## THE STATE v. LINDLEY.

1. **Criminal Law**: PREVIOUS GOOD CHARACTER. An instruction directing the jury that previous good character would not constitute a defense as "against facts positively or strongly proven" was *held* to be erroneous.

*Appeal from Dallas District Court.*

MONDAY, JUNE 4.

THE defendant was indicted for the crime of incest committed with one Amelia Ann Flinn, the daughter of the wife of defendant by a previous marriage. There was a verdict of guilty, and a judgment against the defendant. Defendant appeals.

*Barcroft, Given & Drabelle* and *M. H. Baugh,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

ROTHROCK, J.—The defendant introduced a number of his neighbors as witnesses in his behalf, who testified that his 1. CRIMINAL general reputation was good, and that he was law: previous good character. regarded in the community in which he lived as a man of proper behavior and conduct toward the opposite

sex. No evidence was introduced by the State derogatory to the general character of the defendant. The court instructed the jury as follows upon this question:

"The previous good character of a defendant, when established, is a circumstance which should be taken into consideration, in connection with all the other facts and circumstances in the case, in determining as to his guilt or innocence. But such previous good character is not a defense and as against facts (if any) positively or strongly proven, and clearly indicating the guilt of a defendant, it cannot avail as a ground of acquittal."

This instruction is not in accord with the rule adopted by this court in *State v. Horning*, 49 Iowa, 158; and in *State v. Northrup*, 48 Iowa, 583. The rule of those cases is that previous good character is admissible as a fact in all criminal cases; that it is to be given such weight as it is fairly entitled to in determining the question of guilt or innocence. There may be cases where a state of facts may be said to be strongly proven, and yet a jury may be justified, in the light of an unblemished character, in finding a verdict of not guilty. If, however, the rule were different, a careful examination of the record in this case satisfies us that the evidence was not of such weight and conclusiveness as to warrant the court in instructing the jury that evidence of good character should not prevail against facts strongly proven.

There are other alleged errors in the record. Upon one of them this court is not in entire accord. As the case must be reversed for the error above pointed out, we have not thought it necessary to determine the other questions presented in argument. If they should be again presented it will be upon additional argument, and we may then be able to determine them in a more satisfactory manner.

REVERSED.