THE STATE v. JONES.

1. **Criminal Law**: EVIDENCE: GOOD CHARACTER. Evidence of good character is always admissible in a criminal prosecution, and should always be considered by the jury, not only as bearing upon the main question of defendant's guilt, but, if guilty, in determining the degree of the crime.

2. **Instruction**: FORM OF. A refusal to give an instruction which stated the law correctly and in plain and simple language was held to be error, though the same rules of law might be deduced from two instructions given, but were not in a form to be so readily understood by the jury.

*Appeal from Pottawattamie District Court.*

FRIDAY, OCTOBER 24.

THE defendant was indicted for the crime of murder, was tried, convicted of murder in the second degree, and sentenced to confinement in the penitentiary for the period of fourteen years. He appeals.

*Sapp, Lyman & Ament* and *Scott & Hight*, for appellant.

*J. F. McJunkin, Attorney General,* for the State.

The State v. Jones.

DAY, J.—I. The evidence against the defendant was altogether circumstantial. The defendant introduced a number of witnesses who testified that his character as a peaceable and law-abiding citizen was good. Respecting this testimony the court instructed the jury as follows: "The defendant has given evidence tending to prove that prior to the transaction in question he had been a man of a peaceable and law-abiding character. Evidence of this character is always admissible in criminal cases, but its weight and importance is always to be determined by the jury. In cases where either the main question involves, or any particular fact is sought to be established by circumstantial evidence, the fact of the previous good character of the accused is a proper circumstance for the jury to consider, in determining such question or fact. In this case it is proper for you to consider that evidence in determining whether defendant is the person who inflicted the wound which caused the death of Roberts, and if so whether such killing was felonious. But good character affects nothing as against established facts." If this instruction be regarded as meaning that good character affects nothing where the commission of the crime is established, it is unquestionably correct, for good character is no defense for a criminal act. It cannot be doubted, however, that the instruction is susceptible of a different meaning, and would probably be understood by the jury in a different sense. As has been said, the evidence in this case is circumstantial. A verdict of guilty can be arrived at only by inferring the commission of the crime charged from a number of established facts. The jury are directed that "good character affects nothing as against established facts." From this the jury may have understood, and probably would understand, that if the several facts from which guilt may be inferred are established, good character can affect nothing and should not have any weight. Such, we think, is not the law. Good character is always entitled to consideration, and always should have some effect upon the verdict. Where the evidence is circumstantial, and the several facts from which it is sought to draw the inference of guilt are clearly established, a jury may, from proof

<div style="margin-left:2em">1. CRIMINAL law: evidence: good character.</div>

of good character alone, refuse to infer that the defendant is guilty. The rule upon this subject has recently been declared by this court. See *State v. Northrup & Bartlett*, 48 Iowa, 583; *State v. Fitzgerald*, 49 Iowa, 260; *State v. Gustafson*, 50 Iowa, 194.

There is another error in this instruction, not, perhaps, so obvious as the one above noticed. The jury are directed that it is proper for them to consider evidence of good character in determining whether the defendant inflicted the wound which caused the death of Roberts, and, if so, whether such killing was felonious. From this direction the jury may have understood that they could consider evidence of defendant's good character as bearing only upon the question of the felonious killing of Roberts. There are three kinds of felonious homicide: Murder in the first degree, murder in the second degree, and manslaughter. The defendant was entitled to have evidence of his good character considered upon the questions not only as to whether he killed Roberts, and whether that killing was felonious, but also upon the question as to whether the circumstances of the killing constituted murder in the first or second degree, or only manslaughter. In other words the evidence bears upon the question of the degree of the felony, as well as upon the question whether a felony has been committed.

II. The defendant asked the court to instruct the jury as follows: "If you find from all the evidence in the case, beyond 2. INSTRUC- the existence of a reasonable doubt, that defendant TION:form of. did take the life of said Roberts, and have a doubt as to whether he acted in self defense or not at the time, you should acquit." The court refused to give this instruction, and gave the following: "If the killing is shown to have been done intentionally, and there is no evidence of the existence of such circumstances of necessity as would justify the act, the presumption is that such killing was felonious. But if there is any evidence tending to establish any such circumstances of necessity as will justify the killing, the evidence must exclude every other rational theory except that of guilt, or you ought not to convict. In other words, in such case you ought to be satisfied by the evidence, beyond a reasonable doubt,

that the killing was not done under such circumstances of necessity as will justify the act, or you ought to acquit the defendant." This instruction was followed by another setting forth the circumstances under which killing is justifiable, as in self defense. The instruction asked states the law correctly, in plain language, and in clear and unambiguous terms. *State v. Porter*, 34 Iowa, 131. To the legal mind the instructions given convey the same idea as that asked, but the idea can be gathered only by a consideration and comparison of two instructions. The thought is not expressed with such simplicity and clearness as in the instruction asked. It is doubtful whether the instructions given produced upon the jury the same effect as would have resulted from the giving of the one asked. We think the instruction referred to should have been given. The defendant complains of many rulings of the court rejecting evidence offered. In view of the fact that the evidence for the state is altogether circumstantial, we think the court might well have shown a greater degree of liberality in the admission of evidence for the defense. At the same time, as at present advised, we do not feel willing to hold that in the rejection of evidence offered there were such substantial errors as would alone require a reversal of the case.

For the errors considered the judgment is

REVERSED.