[No. 617.   Decided January 31, 1889.]

JOHN KLEHN v. THE TERRITORY OF WASHINGTON.

HOMICIDE—DYING DECLARATIONS—CHARACTER.

When, in a trial for murder, the dying declarations of the deceased are offered in evidence, and a preliminary examination is made to determine whether such declarations were made by the deceased in view of speedy death, the extent of such preliminary hearing is within the discretion of the trial court, and reviewable only when it appears that such discretion has been abused.

Evidence of the good character of the defendant is always admis-

sible in a criminal case; and, if it is sufficient to raise a reasonable doubt in the minds of the jury as to the guilt of the accused, it is their duty to acquit.

*Appeal from District Court, Spokane County.*

*Turner, Forster & Turner,* for appellant.

*J. B. Metcalfe,* Attorney General, and *W. C. Jones,* for The Territory.

The opinion of the court was delivered by

BURKE, C. J.—John Klehn, the appellant, was indicted for the crime of murder in the first degree. He was tried upon that indictment, convicted of manslaughter, and judgment was given against him. He appeals to this court. Upon the trial, the territory offered proof of the dying declarations of the deceased. Before admitting this evidence, the court properly instituted a preliminary examination as to whether the alleged declarations were made by the deceased under a sense of speedy death. This examination was not conducted in the presence of the jury; the court, on motion of the defendant, having previously ordered the jury to retire. The examination made by the court seems to have been very full and thorough, the testimony on this issue covering six pages of the record. The witness was cross-examined by counsel for defendant, and the court, being satisfied that the declarations were made by the deceased under a sense of impending dissolution, ruled that they should be admitted in evidence. The defendant thereupon offered "to prove by other witnesses, before the testimony of this witness should go to the jury, the nature of the wound; that the intestines were not cut, and that the wound was not necessarily fatal; that nothing was said on the part of the attendants or physicians that would give rise to the belief in the mind of the deceased that he was going to die, but, on the contrary, expressions were indulged in by his physicians that he would recover,

and that he expressed the belief that he might possibly recover." The court refused to hear this testimony, and appellant insists that this refusal was error. When the admissibility of dying declarations is brought in question, it is the duty of the court to determine, as a preliminary issue, whether the alleged declarations were made by the deceased in view of speedy death. The extent of such preliminary examination is a matter within the judicial discretion, and reviewable here only when it appears that such discretion has been abused. There was no abuse of discretion in this case. The trial court seems to have conducted this preliminary inquiry properly, and with a tender consideration for the rights of the defendant. The court had a right, in the exercise of a sound judicial discretion, to say how far the examination should extend, "in order to ascertain with accuracy and reasonable certainty the mental condition and belief of the declarant." *People v. Smith*, 104 N. Y. 491 (10 N. E. Rep. 873.) It may be added here that subsequently the defendant introduced on his own behalf evidence of the dying declarations of the deceased.

The second assignment of error relates to the refusal of the court to give the instructions asked for by the defendant, on the right of a person in defendant's situation, at the time of the killing, to act on appearances as they presented themselves to him. We think the charge of the court fully covered this point, and was in fact more favorable to the accused than the instructions asked for by his own counsel, and refused by the court. Upon the trial evidence was given as to the defendant's good character, and the instructions given by the court to the jury on that subject, and the refusal of the court to give the instructions asked for by the defendant, are assigned here as error. Evidence of the good character of the defendant is always admissible in a criminal case, and the correct rule as to the weight to be attached to this class of evidence was laid down by the supreme court of Iowa in the case of *State v. Northrup*, 48

Iowa, 583, where the court says: "Good character, like all other facts in the case, should be considered by the jury, and if therefrom a reasonable doubt is generated in the mind of the jury as to the guilt of the accused, it is their duty to acquit." *Com. v. Leonard,* 140 Mass. 473 (4 N. E. Rep. 96). The charge of the court to the jury in this case comes within the rule. It is true that in the hurry of the trial the court may not have used the most apt and felicitous words in which to state the law on this subject, but, upon any fair construction of the whole charge, it must appear that the law was given correctly. Indeed, the charge of the court throughout was most strongly in favor of the defendant,—far more favorable to him than the instructions asked for by his own able counsel. There certainly was nothing in the charge, from beginning to end, to which the defendant could properly except. The exceptions to the refusal of the court to grant a continuance and to grant a new trial are not well taken. The showing in each case falls short of the requirements of the law, and the court properly denied both motions. We find no error in the record, and the judgment of the court below will therefore be affirmed.

ALLYN and NASH, JJ., concur.