STATE v. CREWS.

(Filed April 9, 1901.)

1. ABORTION—*Indictment—Sufficiency—The Code, Sec. 976.*

   An indictment under the Code, Section 976, denouncing, advising and procuring a woman to take a drug to produce a miscarriage, need not charge the overt acts committed.

2. ABORTION—*Indictment—Intent—The Code, Sec. 975.*

   Intent being the chief ingredient in the offence of abortion, the word noxious need not be used in the indictment.

3. ABORTION—*Indictment—The Code, Sec. 975.*

   Under The Code, Section 975, it is not necessary to charge or prove that the accused procured the drug.

4. INSTRUCTIONS—*Abortion.*

   The court need not give a charge in the very words asked.

INDICTMENT against J. C. Crews, heard by Judge *E. W. Timberlake* and a jury, at November Term, 1900, of FORSYTH County Superior Court. From a verdict of guilty and judgment thereon, the defendant appealed.

*Robert D. Gilmer,* Attorney-General, for the State.
*Swink & Swink,* and *W. O. Cox,* for the defendant.

CLARK, J. The motion to quash was properly overruled. The indictment, exclusive of the merely formal parts, charges that the defendant "did unlawfully, wilfully and feloniously advise and procure a certain woman, called Florence Kiger, to take a certain noxious drug, called spirits of turpentine, with intent thereby to procure the miscarriage of her, the said Florence Kiger, she being at the time pregnant." This

substantially follows the language of The Code, sec. 976. This is not an attempt to commit another crime in which case the overt act must be charged, which might result in such crime (*State v. Colvin,* 90 N. C., 717), but here the act charged is the offence itself, which is denounced by the statute.

The demurrer to the evidence was properly overruled. It was not in evidence that defendant procured the drug for the woman, nor was it necessary to so charge. The words "advise and procure" the woman to take the drug means that he not merely "advised" her to take it (which standing alone is not made indictable in this section, though it is in section 975), but that he also "procured her," *i. e.,* prevailed upon her, induced her, to act upon such advice, "with intent to procure her miscarriage."

There was also evidence sufficient to go to the jury that spirits of turpentine was noxious, when used internally for this purpose, but if it had not been, the word "noxious," though used in indictments for this offence at common law (*State v. Slagle,* 82 N. C., 633), is omitted in the statute which substitutes "intent" as the chief ingredient in the offence. Hence, the word "noxious" was mere surplusage, and like the description of the weapon and of the wound and other matter used formerly in indictments for murder, but which, if now inserted in an indictment for homicide, need not be proven.

The first prayer for instruction was substantially given in the charge as sent up. The Court need not give the prayer in the very words asked. Clark's Code (3d Ed.), page 539, and cases cited.

Nor was there any error in charging the jury "if they believed that the defendant advised and procured Florence Kiger to take turpentine with intent thereby to procure her miscarriage, it made no difference whether it would procure abortion or not, he would be guilty; that is, it made no dif-

ference whether turpentine was a noxious drug or not, if the defendant advised the prosecutrix to take turpentine with intent thereby to procure her miscarriage he would be guilty." As already pointed out, at common law, the noxious nature of the drug was essential, but under the statute the essential ingredient is the intent with which the "medicine, drug or other thing whatsoever," is used. The nature of the drug or article is material only as throwing light upon the intent. It is no defence even if defendant could show that the drug would not in fact cause a miscarriage. *State v. Fitzgerald,* 49 Iowa, 260; *Dougherty v. People,* 1 Colo., 514; 2 McLain Cr. Law, Sec. 1148, note 10; 1 Bish. New Cr. Law, 769 (4). The law deems no experiments in an effort to procure abortion innocent, when the jury is convinced that the drug or other article was used with the criminal intent to procure such attempted abortion.

No error was committed by Judge Timberlake in the Superior Court in overruling the exceptions taken at the trial in the Criminal Court.

No error.