THE STATE OF IOWA, Appellee, v. JOHN BIRKEY, Appellant.

Good Character: INSTRUCTION. An instruction to the jury in a criminal prosecution limiting the benefit of proof of previous good character to cases where the guilt of the accused is doubtful, is reversible error.

*Appeal from Fremont District Court.*—HON. A. B. THOR-NELL, Judge.

TUESDAY, JANUARY 13, 1904.

INDICTMENT and conviction upon charge of larceny. Defendant appeals.—*Reversed.*

*C. W. Mullan,* Attorney General, and *C. A. Van Vleck,* Assistant Attorney General, for the State.

*W. E. Mitchell* for appellant.

WEAVER, J.—The larceny alleged was of a team of horses. The defense was to the effect that appellant hired the horses from the owner in good faith, and without any intent to appropriate them to his own use, but after receiving them into his possession became greatly intoxicated, and disposed of them without felonious intent. Among other things in support of his defense, appellant offered witnesses who testified they had long been acquainted with him, and that prior to this transaction he had borne a good character for integrity and honesty. In charging the jury upon this feature of the case the court gave the following instruction: "Par. 11. Evidence has been introduced to show that prior to the transaction in question the defendant's general reputation for honesty and integrity was good in the community in which he

lived.  Now, good character is not a defense to crime
when a crime has in fact been committed.  But where
good character is shown it is proper to be considered in
determining whether a person bearing such a character
would be likely to commit the crime in question, and
might be sufficient in a doubtful case to turn the scale in
favor of the defendant."  To the giving of this instruc-
tion appellant excepts, and assigns error thereon.  Under
the rule heretofore adopted and quite frequently followed
by this court, this instruction cannot be approved.  It is
true that in some other states the doctrine of this instruc-
tion obtains, and evidence of good character is allowed
little or no weight, except in cases of a doubtful or incon-
clusive character.  But after examining these precedents
we have distinctly declined to follow them.  *State v.
Northrop*, 48 Iowa, 583; *State v. Horning*, 49 Iowa, 158;
*State v. Jones*, 52 Iowa, 150; *State v. Wolf*, 112 Iowa, 361.
See, also, Greenleaf, Evidence, section 25.  In *State v.
Gustafson,* 50 Iowa, 194, the true rule is said to be that in
passing upon the guilt or innocence of the accused proof
of good character constitutes an ingredient to be consid-
ered by the jury without reference to the apparently con-
clusive or inconclusive character of the other evidence,
and it is for the jury to determine what weight such evi-
dence of character shall have with them.  The instruction
under consideration appears to be clearly at variance with
this rule, and prejudicial to the defense.

Other exceptions urged are not well taken, or are of
a character not likely to arise on retrial.

For the error in the instruction referred to the judg-
ment below must be reversed, and cause remanded for
new trial.—REVERSED.