## STATE OF IOWA v. CLARENCE STAFFORD, Appellant.

**Abortion:** MOTIVE: INDICTMENT: ADMINISTRATION OF DRUG. On a prosecution for an attempt to produce a miscarriage the question of whether the drug administered, if taken, would produce miscarriage is immaterial, save as bearing on the motive with which the accused acted.

The name of the drug need not be alleged in the indictment, nor need it be proven to have been noxious though alleged; as the term noxious is merely descriptive of the substance and may be treated as surplusage.

That the accused procured and delivered any drug or substance for the unlawful purpose is sufficient proof that he administered it.

**Same:** PROOF OF PREGNANCY: EVIDENCE. Proof of pregnancy is essential to conviction for an attempt to cause miscarriage, but need not be to an absolute certainty; it is sufficient if the proof is so reasonably certain as to silence all reasonable doubt. Evidence of pregnancy held sufficient to take the issue to the jury.

**Same:** ACCOMPLICE: CORROBORATION. The woman upon whom an abortion was attempted is not an accomplice to the crime, and corroboration of her testimony is not essential.

**Privileged communications:** WAIVER OF OBJECTION. An objection that evidence is a privileged communication can not be urged where the witness answered before the objection was interposed, and there was no motion to strike it from the record.

**Attorney and client:** PROFESSIONAL COMMUNICATIONS. An attorney may testify to communications not shown to have been made to him in a professional capacity.

*Appeal from Polk District Court.*—HON. W. M. McHENRY, Judge.

WEDNESDAY, NOVEMBER 17, 1909.

REHEARING DENIED TUESDAY, DECEMBER 21, 1909.

THE defendant was convicted of having attempted to cause a miscarriage, and appeals.—*Affirmed.*

*N. Norman Huyck,* for appellant.

*H. W. Byers,* Attorney-General, and *Charles W. Lyon,* Assistant Attorney-General, for the State.

LADD, J.—The accused is charged with having administered a certain noxious substance to one Flora B. Smith, she being pregnant, with intent to cause a miscarriage. The evidence leaves no doubt but that at her request he procured cotton root and wintergreen for her, and did bring her a substance he represented to her was what she desired, and that he advised her how to take it. It is equally certain that what he did was with the intent that she take a substance in order to produce a miscarriage, and that she did take it for that purpose.

Whether the drug furnished, when taken, would produce a miscarriage, is not material, save as bearing on the motive with which he acted. *State v. Fitzgerald,* 49 Iowa, 260; *Weed v. People,* 56 N. Y. 628; *Slattery v. People,* 76 Ill. 217. Under the decision first cited, the name of the substance need not be alleged in the indictment, and it was not in this case; nor was it necessary that it be proven to have been noxious, though so alleged. Undoubtedly the word "noxious" was used in such indictments at the common law; but it is not in the statute defining the crime. That makes the intent the chief element in the offense. Hence the word "noxious" in the indictment, as it is merely descriptive of the substance, like that of a weapon or wound in charges of murder, may be treated as surplusage. *State v. Crews,* 128 N. C. 581 (38 S. E. 293). All essential to be proven was that he willfully administered "any drug or substance whatever." That he procured and de-

1. ABORTION: motive: indictment: administration of drug.

livered to her such drug or other substance for the unlawful purpose was sufficient proof that he "administered" it. *State v. Moothart,* 109 Iowa, 130.

Proof of pregnancy was essential under the statute defining the crime. *State v. Stewart,* 52 Iowa, 284. Decisions holding otherwise construe statutes materially differing from that of this state. *Eyggart v. State,* 40 Fla. 527 (25 South. 144); *Commonwealth v. Follansbee,* 155 Mass. 274 (29 N. E. 471). But it was not necessary that she be proven quick with child, as at common law. *State v. Fitzgerald, supra.* Difficulties in the proof of condition prior to that time are to be encountered; but absolute certainty is not exacted even in a criminal action. All necessary is that the evidence be such as to support the conclusion that the girl was *enceinte* beyond a reasonable doubt. She and the accused had been indulging in sexual intercourse for more than a year. She had missed her menses on December 25 or 26, 1908, and in January became convinced that she was in a family way, and so informed the accused. With that understanding the drug was procured and taken resulting in her serious illness January 20, 1909, when she was removed to her home, and during the first week in February discharged from her vagina a substance which she testified resembled a blood clot. She was in health, save that she had a cold in December, and the circumstance of missing her menstrual flow twice in succession is not otherwise explained. We are of opinion that the evidence was sufficient to carry the issue as to whether she was pregnant to the jury, even though two physicians expressed the opinion that at so early a period it could not be known with certainty without a microscopic examination or the discovery of the ovum whether she was *enceinte.* See *State v. Lilly,* 47 W. Va. 496 (35 S. E. 837). As said, absolute certainty is never exacted; all the law requires is such reasonable certainty as shall silence all reasonable doubt.

2. Same: proof of pregnancy: evidence.

Something is said of corroboration in argument; but, as the girl was not an accomplice, corroboration of her testimony was not essential. *State v. Smith,* 99 Iowa, 26. It should be added, however, that, were it essential, the record would not be defective on this ground.

**3. SAME: accomplice: corroboration.**

Exception is taken to a ruling by which, after his attention was directed to having met the girl with the accused at a hotel, and his statement that he was then defendant's attorney, a lawyer was asked if she did not say to the defendant: "You know, Clarence, you are or were responsible for my condition, and you gave me the medicine, and you do not dare or can not deny it," and answered, "I don't deny it." The witness answered, "Yes, sir," and thereafter counsel for the defendant objected as "incompetent, irrelevant, and immaterial and a privileged communication." None of the objections were tenable save the last, and this can not now be urged, for the witness had answered before the objection was interposed, and there was no motion to strike it from the record.

**4. PRIVILEGED COMMUNICATIONS: waiver of objection.**

Even had the objection been timely, the evidence did not disclose that this was a communication to the attorney, or that statements were made under such circumstances that this could be implied. They were at a hotel, and not at the lawyer's office, and whether consulting him, or there to consult him, is not disclosed. For all that appears, he may have merely overheard the remark as any one else might have done, and, if so, the exemption did not apply. See *State v. Swafford,* 98 Iowa, 362; *Wyland v. Griffith,* 96 Iowa, 24; *Mueller v. Batcheler,* 131 Iowa, 650.

**5. ATTORNEY AND CLIENT: professional communications.**

The record is without error, and the judgment is *affirmed.*