STATE OF IOWA, Appellee, v. JOHN SCHUMACHER, Appellant.

**LASCIVIOUS CONDUCT:** Indictment or Information—Specific Acts.
1 An indictment charging lewd, immoral, and lascivious acts with a

child (Sec 4938-a, Code Supp., 1913) need not charge the specific facts constituting the offense.

**CRIMINAL LAW:** Instructions—Reasonable Doubt. An instruction 2  to the effect that guilt must be established ''beyond a reasonable doubt'' is equivalent to instructing that it must be established ''beyond *all* reasonable doubt.''

**CRIMINAL LAW:** Instructions—Effect of Good Character. Evidence 3  of good character may have the effect of rebutting positive evidence of guilt, and it is reversible error to instruct to the contrary.

**CRIMINAL LAW:** Instructions—Correct and Incorrect on Material 4  **Subject-Matter.** Reversible error must follow the giving in the same instruction of both a correct and an incorrect instruction on a material subject-matter.

*Appeal from Scott District Court.*—F. D. LETTS, Judge.

## FEBRUARY 13, 1923.

THE indictment charged defendant with the crime of lewd, immoral, and lascivious acts with a child. The jury returned a verdict of guilty, and the court entered sentence of imprisonment in the penitentiary for not more than three years, as provided by Section 4938-a, Supplement to the Code, 1913, from which judgment, defendant prosecutes this appeal.—*Reversed and remanded.*

*Maines & Kelly,* for appellant.

*Ben J. Gibson,* Attorney-general, *John Fletcher,* Assistant Attorney-general, *John P. Weir, Walter A. Newport,* and *John McSwiggin,* for appellee.

ARTHUR, J.—No abstract is filed. We have before us only the clerk's transcript, provided by Code Section 5450, and appellant's brief and argument. Counsel for appellant state:

''This brief and argument is submitted merely as an aid to the court in following out its duties, as prescribed in Code Section 5462.''

Error is assigned as to each and every instruction given by the court.

I.   Instruction No. 1 reads:

"The indictment in this case charges the defendant with the crime of lewd, immoral, and lascivious acts with a child."

Instruction No. 5 reads:

"The indictment in this case charges, in substance, that the defendant, John Schumacher, on or about February 25, 1922, being then and there over the age of 18 years, did in Scott County, Iowa, willfully, unlawfully, and feloniously commit lewd, immoral, and lascivious acts upon and with the body of one Bernice Glaspell, the said Bernice Glaspell being a female child under the age of 13 years, with intent then and there on the part of said John Schumacher of arousing, appealing to, and gratifying the lust and passions and sexual desires of said John Schumacher."

1. LASCIVIOUS CONDUCT: indictment or information: specific acts.

Exceptions taken to the indictment and the presentation of the indictment to the jury under Instructions No. 5 and No. 1 are, in substance, that the indictment fails to charge the defendant with the crime of lewd, immoral, and lascivious acts with a child, for the reason that the facts constituting such crime are not set out, and that the indictment merely avers such a crime as a conclusion, unsupported by allegations of fact showing what the crime was.  The indictment set forth in Instruction 5 is substantially in the language of the statute, and is sufficient, and not vulnerable to the attack made upon it.  *State v. Kernan,* 154 Iowa 672.

II.   Exception is taken to Instruction No. 2 because it states that the guilt of the defendant must be established "beyond a reasonable doubt."  Counsel insist that the law demands that the word "all" should be used in place of "a," in stating the proof required.  The criticism is hypercritical.  The statute relating to and requiring an instruction on reasonable doubt, Code Section 5376, reads:

2. CRIMINAL LAW: instructions: reasonable doubt.

"Where there is a reasonable doubt of the defendant being proven to be guilty, he is entitled to an acquittal."

It will be observed that the statute uses the article "a," and not the adjective "all."  The statute does not demand that the word "all" should be used.  We think an instruction using

either word conveys the same meaning, and that an instruction using the article "a" would be understood by the jury to mean the same as if the word "all" were used.

III.   Instruction No. 10 reads:

"Evidence has been introduced by the defendant for the purpose of showing that, prior to the time of the alleged offense, his general character for morality and chastity was good, and

**3. CRIMINAL LAW: instructions: effect of good character.** that his general reputation for general moral character and for morality and chastity was good, and that he was, in fact, a man of good morals, and possessed of traits of morality and chastity.   Evidence of good character and good reputation in those regards does not have the effect to rebut positive evidence of the commission of the crime.   Such evidence was received and should be considered by you as tending to show that a man of such character and reputation as this evidence tends to show the character and reputation of the defendant to be, would not be likely to commit the crime charged.   In passing upon the guilt or innocence of the defendant, such evidence of defendant's good character and good reputation should be considered by you without reference to the apparent conclusive or unconclusive character of the other evidence, and it is for you to determine what weight you will give to such evidence of character and reputation."

Exceptions to this instruction, in substance, are that the law is erroneously stated in Paragraph 2, wherein the jury was told that "evidence of good character and good reputation in those regards *does not have the effect to rebut positive evidence* of the commission of the crime;" and that the above quoted paragraph of the instruction is in direct contradiction of Paragraph 3 of the instruction, which correctly states the law, wherein it is said that "evidence of defendant's good character and good reputation should be considered by you without reference to the apparent conclusive or unconclusive character of the other evidence."

It is urged by counsel that Paragraph 2 of said instruction conflicts with Paragraph 3, and obliterates the force and effect of character evidence introduced in this case.   We have not the evidence in the case before us, and no abstract was filed.   As an abstract statement of the law, we are constrained to hold that

the statement of Paragraph 2 of the instruction, that "evidence of good character and good reputation in those regards does not have the effect to rebut positive evidence of the commission of the crime," is erroneous. The converse of such statement we think would be correct. "Evidence of good character" may have the effect of rebutting positive evidence or circumstantial evidence. The court stated the law correctly in the third paragraph of the instruction, wherein it told the jury that evidence of good character should be considered by the jury without reference to the apparent conclusive or inconclusive character of the other evidence. *State v. Shultz,* 177 Iowa 321; *State v. Gustafson,* 50 Iowa 194, 196. In the *Gustafson* case, we approved an instruction reading:

"In passing upon the guilt or innocence of the defendant, proof of good character constitutes an ingredient to be considered by you, without reference to the apparently conclusive or inconclusive character of the other evidence; and it is for you to determine what weight such evidence of character shall have with you."

It may generally be said that evidence of good character, in and of itself, would not be a defense. But, as said by Judge Cooley, in *People v. Garbutt,* 17 Mich. 9 (97 Am. Dec. 162):

"Good character is an important fact with every man; and never more so than when he is put on trial charged with an offense which is rendered improbable in the last degree by a uniform course of life wholly inconsistent with any such crime. There are cases where it becomes a man's sole dependence, and yet may prove sufficient to outweigh evidence of the most positive character."

The second part or paragraph of the instruction complained of is at variance with the rule announced by us in several cases: *State v. Northrup,* 48 Iowa 583; *State v. Horning,* 49 Iowa 158; *State v. Gustafson,* supra; *State v. Lindley,* 51 Iowa 343; and *State v. Jones,* 52 Iowa 150. In *State v. Lindley,* supra, we said:

"The rule of those cases [*State v. Horning,* supra, and *State v. Northrup,* supra] is that previous good character is admissible as a fact in all criminal cases; that it is to be given such weight as it is fairly entitled to in determining the question of

guilt or innocence.   There may be cases where a state of facts may be said to be strongly proven, and yet a jury may be justified, in the light of an unblemished character, in finding a verdict of not guilty.''

As above stated, Paragraph 3 of the instruction gave the jury a correct statement of the law regarding evidence of good character.   But it is manifest that Paragraph 2 of the instruction laid down a contrary rule.   Generally speaking, contradictory instructions are grounds for reversal when given on a material point, for it is usually impossible to tell which rule the jury followed.   *State v. Glaze*, 177 Iowa 457; *Vanslyck v. Mills & Co.*, 34 Iowa 375; *Rudd v. Dewey*, 121 Iowa 454.

4. CRIMINAL LAW: instructions: correct and incorrect on material subject-matter.

We are constrained to hold that these two paragraphs of the instruction on a material point are inconsistent.   The rule stated in Paragraph 3 being correct, and that laid down in Paragraph 2 erroneous to the extent that the jury might have been misled, the case must be reversed.

We have not discussed all of the instructions to which exceptions were raised, but we have carefully examined all of the instructions, and find no error except as above pointed out.

Because of the error above pointed out, the case must be and is reversed and remanded for a new trial.—*Reversed and remanded.*

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.