STATE OF IOWA, Appellee, v. WILLIAM HILLMAN, Appellant.

**CRIMINAL LAW:** Accessories—Guilt of Others—Effect. Requested
1 instructions to the effect that the jury cannot consider the guilt of parties other than the one on trial are properly refused when the one on trial is accused of having aided and abetted such other parties in committing the offense.

**CRIMINAL LAW:** Trial—Failure to Call Witness—Effect. Failure of
2 an accused to call in his behalf a codefendant cannot properly be considered against him, and the courts should so instruct, in case the State makes improper use of such failure.

**CRIMINAL LAW:** Evidence—Good Character—Effect. Evidence of
3 the defendant's former good character must be considered by the jury, along with all other facts and circumstances, in determining

the question of guilt or innocence; and it is error for the court, after so instructing, to say that, if the jury finds him guilty beyond all reasonable doubt, then evidence of good character is no defense, and should not be considered.

**Headnote 1:** 36 C. J. p. 935.  **Headnote 2:** 16 C. J. p. 1023 (Anno.) **Headnote 3:** 16 C. J. p. 585.

**Headnote 2:** 10 R. C. L. 888.  **Headnote 3:** 46 L. R. A. (N. S.) 342; 8 R. C. L. 177.

*Appeal from Harrison District Court.*—H. J. MANTZ, Judge.

MAY 3, 1927.

The defendant was convicted of the larceny of chickens from an inclosure, and appeals.—*Reversed and remanded.*

*H. L. Robertson,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Roy Havens,* County Attorney, for appellee.

VERMILION, J.—The appellant was indicted jointly with three others, referred to as the Hesters, for the larceny of chickens from a coop. The appellant was separately tried.

The chickens charged to have been stolen were in coops or boxes on the porch of the dwelling at the residence of Chester Parker, and were taken at night, while the Parkers were absent. The Parker residence is three miles west of the town of Modale. Appellant's codefendants resided at the Hester place, about two miles north and a mile east of Parkers', and about two miles north and two miles west of Modale.

There was evidence tending to show that, on the evening in question, the appellant and his codefendants were together at Modale and at different places on the roads leading to the Parker and Hester places; that the Hesters were in a buggy or spring wagon drawn by a horse and a mule, and the appellant was accompanying them on horseback; that they were seen on the road about 40 rods east of the Parker place, traveling east, with a box in the buggy, and the appellant was on the horse behind the vehicle; that, on the following morning, tracks of a vehicle drawn by a horse and a mule and of another horse were

found in the road leading to and from the Parker place, and the tracks of a man were found from the road to the Parker house, where the chickens were kept. The tracks of the horses, mule, and vehicle found on the road were followed to the Hester place, where chickens, claimed to have been those stolen, were found. The evidence on behalf of the State was wholly circumstantial.

I. The chief contention of the appellant is that the evidence was insufficient to sustain the verdict. In view of the necessity for a reversal on account of error to be presently pointed out, and a consequent new trial, it is neither necessary nor expedient that we determine this ultimate question, on the present record.

II. Complaint is made that the instructions of the court permitted the jury to find the appellant guilty if he aided and abetted his codefendants in committing the larceny charged, 1. CRIMINAL LAW: and that the court refused an instruction which accessories: said, in effect, that they should not consider the guilt of others: effect. fact, if found, that his codefendants committed the crime, as evidence against the appellant, but should determine only the question whether he was guilty of the criminal act.

If it be assumed that there was sufficient evidence to sustain a finding that the chickens were stolen by some one or more members of the party consisting of the appellant and his codefendants, there was no error in submitting to the jury the question whether the appellant aided and abetted his codefendants in the commission of the offense. Section 12895, Code of 1924; *State v. Randolph*, 192 Iowa 636; *State v. Leeper*, 199 Iowa 432.

III. It follows from what has been said that there was, under the testimony, no error in refusing an instruction which said that the fact that appellant was, with his codefendants, on the road, did not tend in any way to connect him with the offense charged.

IV. The court refused to give a requested instruction to the effect that the fact that the appellant had not called either of his codefendants as witnesses could not be considered in any 2. CRIMINAL LAW: way against him. His codefendants were not on trial: failure trial. They were competent witnesses in his beto call witness: effect. half. The fact that a witness cannot be required to incriminate himself is the right of the witness, and can be

waived by him. *State v. Van Winkle,* 80 Iowa 15.; *State v. Dangelo,* 182 Iowa 1253. We have said that the testimony of one jointly indicted with the defendant on trial is as accessible to the State as to the defendant; and that the doctrine that the failure of the accused to introduce evidence explanatory of inculpatory circumstances may be regarded as a circumstance against him, is to be applied only in cases where it is manifest that proofs are in the power of the accused and not accessible to the State. *State v. Cousins,* 58 Iowa 250; *State v. Rosier,* 55 Iowa 517. In the two cases last cited, it was held error to instruct that the failure to call a witness—in the *Cousins* case, a codefendant— might be considered against the defendant, where the testimony of the witness was equally available to the State.

Since the jury could not properly consider the fact that the appellant did not offer his codefendants as witnesses, if it had appeared that the State was making improper use of this circumstance, we think the instruction should have been given; but, in the absence of such showing, we would hesitate to reverse on this ground alone.

V. The appellant requested an instruction on the subject of evidence offered by him as to his previous good reputation for honesty, to the effect that, while good reputation was not a defense, it should be taken into consideration in

**3. CRIMINAL LAW: evidence: good character: effect.**

determining his guilt or innocence; and if, upon a consideration of all the evidence in the case, including the testimony as to the good reputation of the defendant, there was a reasonable doubt of his guilt, he should be acquitted. This was refused, and the court instructed that, if it was found that the defendant's previous reputation was good, such fact should be considered in determining his guilt or innocence, and given such weight as the jury believed it entitled to; but, if it was found from the evidence beyond all reasonable doubt that the defendant committed the offense charged, then his former reputation would be no defense, and the evidence relating to such reputation should not be considered.

The instruction given, considered in the most favorable light, was conflicting in its statements. The jury were told to consider the defendant's good reputation, if shown, in determining his guilt or innocence, and also that, if his guilt was shown beyond all reasonable doubt, the evidence with reference

-to such reputation should not be considered. The latter direction was clearly erroneous.

It is well-settled doctrine that, where the previous good reputation of the defendant is shown, while it is not a defense, it is to be considered in determining his guilt or innocence, and that this is true regardless of the character or strength of the showing of guilt on the facts. *State v. Northrup*, 48 Iowa 583; *State v. Lindley*, 51 Iowa 343; *State v. House*, 108 Iowa 68; *State v. Schumacher*, 195 Iowa 276; *State v. Dunn*, 202 Iowa 1188.

Without expressing approval of all the language of the requested instruction, we think the rule there announced should have been embodied in the instructions given.

Other errors are assigned on rulings on the admission of testimony and instructions requested, and on the instructions given. They are either wanting in substantial merit, or present questions not likely to arise on a retrial.

The judgment is reversed and the cause remanded.—*Reversed and remanded.*

EVANS, C. J., and STEVENS, FAVILLE, and KINDIG, JJ., concur.