———o———

STATE OF MISSOURI, Respondent, *vs.* WILLIAM McMURPHY Appellant.

1. *Evidence—Indictment—Good character, effect of.*—If the jury is satisfied of the prisoner's guilt from all the other facts and circumstances detailed in evidence, his good character cannot be looked to as a ground of acquittal.

*Appeal from St. Francois Circuit Court.*

*John F. Bush & Joseph J. Brady,* for Appellant.

The instruction given concerning the weight and bearing of evidence of appellant's good character was wrong, and was the virtual exclusion of that evidence from the jury. (2 Russell on Crimes, 785, 786; 1 Wharton American Criminal Law, §§ 645, 646, *et seq.*)

*B. B. Cahoon,* for Respondent.

Evidence to sustain a good character was admitted and submitted to the jury, and it was therefore the duty of the court to instruct the jury as to its legal effect. (State vs. Matthews, 20 Mo., 55; Gardiner vs. State, 14 Mo., 97.)

The instruction objected to, stated the effect of evidence of good character in criminal trials, and it contains the three following legal propositions: (*a.*) Evidence of good character is of most value in effecting the verdict of a jury in such cases,

when from the facts and circumstances detailed in evidence, the jury are in doubt as to the guilt of the defendant of the offense with which he is charged.

(*b*.) Where however the facts in the case indicate and show the guilt of the defendant of the offense, then, even uncontradicted evidence of good character cannot avail the defendant, so as to inure to his acquittal of the crime for which he is indicted.

(*c*.) In the case stated in the second proposition the only effect of evidence, (even when uncontradicted) establishing a good character is to lessen the punishment for the commission of the offense.

These propositions are correct. (1 Bishop Crim. Prac., § 1063; 2 Stark Ev., 365; 3 Phil. Ev., (Cowen & Hill's Notes, Van Cooks, Ed.) 623, 624, n. 318; Burrill, Cr. Ev., 530, 531, 532; Wilson Cr. Ev., 164, 165; United States vs. Freeman, 4 Mason, 510; Commonwealth vs. Webster, Bemis' Reports 495; Commonwealth vs. Hardy, 2 Mass., 317; The People vs. Vane, 12 Waddell, 78; Bennett vs. State, 8 Humph., 118; Freeland's Case 1 City Hall Recorder, 82; The People vs. Kirby, 1 Wheeler's Crim. Cases, 64; State vs. Wells, 1 Coke 424; State vs. Ford, 3 Strob. Law, 517; People vs. Josephs 7 Cal., 129; McDaniel vs. State, 8 Sm. & M., 401; People vs. Hammill, 2 Parker, C. C., 223; Wesley vs. State, 37 Miss., 327; United States vs. Rounderbust, Bald., 514; People vs. Cole, 4 Parker, C. C., 35; Stephens vs. People, *Id* 396; United States vs. Whittaker, 6 McLean, 342; Rex. vs. Davison, 31 State Trials, 217; Reg. vs. Frost, Gurney's Rep., 749; Rex vs. Haigh, 31 State, Pr., 122.)

ADAMS, Judge, delivered the opinion of the court.

The defendant was convicted of an assault with intent to maim his wife. Upon the trial the wife was the main witness who testified to the alleged assault. Some evidence was given to impeach her character for veracity and also to sustain it.

In like manner evidence was given of the good character of the defendant as a peaceable and quiet citizen and evidence to to impeach his character.

The following instruction was given on the part of the State and objected to by the defendant. "7th. The court instructs the jury that the evidence of good character is of most value in cases, where the jury are from the facts and circumstances of the case in doubt, as to the guilt of the offense with which the defendant is charged. But where the facts in the case indicate and show the guilt of the defendant of the offense with which he is charged, then in such case uncontradicted evidence of good character cannot avail the defendant, or in ure to his acquittal by the jury; in such case the only effect of uncontradicted evidence establishing a good character is to lessen the punishment for the commission of the offense."

This instruction is clearly erroneous. The first clause of the instructions as an abstract proposition may be true. In cases of doubt the good character of the prisoner ought to be of more weight than where the evidence is clear and positive. But in all cases whether the evidence of guilt is circumstantial or positive, the good character of the accused is proper evidence to go to the jury on the plea of not guilty. If however the jury is satisfied of the prisoner's guilt from all the other facts and circumstances detailed in evidence, his good character cannot be looked to as a ground of acquittal.

Some of the other instructions·given on the part of the State are complained of as subject to verbal criticism, but they seem to be substantially correct.

For the error in the above instruction, the judgment will be reversed and the cause remanded.