SHROPSHIRE vs. THE STATE OF GEORGIA.

1. In a criminal case, it was error to instruct the jury, in substance, that they must consider all the other evidence in the case, and after doing so, if they were doubtful as to the guilt of the defendant, then they might consider proof of good character; but if the other evidence introduced did not make it a doubtful case, they could not consider the good character of the accused.
2. If what Pritchett testified to was a part of the *res gestæ*, it was admissible; if not, it was too vague and uncertain to be admissible.

December 19, 1888.

Criminal law.    Charge of court.    Good character. Evidence.    *Res gestæ*.    Before Judge MADDOX.    Floyd superior court.    March term, 1888.

In connection with the second part of the decision, it is proper to state that the testimony of Pritchett was to the effect that, on the night of the robbery, at a distance not specified from it, he was passed by two negroes, whom he did not know, who were running, and one of them said there was a darkey knocked in the head up under the trestle, that the persons who knocked him down took his rations from him, and that somebody got after him (the speaker) and he ran. Could not swear that he was either of defendants. One of the persons he saw looked like one of the prisoners. Knew both of defendants; Robinson worked for him about eighteen months. Did not think Robinson was one of the persons he saw; nor could he say Shropshire was one of them.

The eighth ground of the motion for new trial was, that the court erred in overruling a motion of defendants to exclude the entire testimony of Pritchett, for it in no way connected either defendant with the crime, and was so negative in its nature, and based so exclusively on the uncertain opinion of the witness, as to have no legal bearing on the guilt of defendants.

GEORGE & WALTER HARRIS and WRIGHT, MEYERHARDT & WRIGHT, for plaintiff in error.

C. T. CLEMENTS, solicitor-general, by HARRISON & PEEPLES, for the State.

SIMMONS, Justice.

Howard Shropshire and Jack Robinson were indicted for the offence of robbery. On the trial of the case, the jury returned a verdict of guilty as to both defendants. The defendants made a motion for a new trial, upon the several grounds stated therein, which motion was granted as to Jack Robinson, and refused as to Shropshire; whereupon Shropshire filed his bill of exceptions, alleging error in the overruling of his motion for new trial.

1. The 5th ground of the motion for a new trial complains that the court erred in charging the jury as follows: "You have the right to take into consideration the character of the defendant, in the event you are at all doubtful as to whether the defendant committed this crime or not. If you have any doubt about it, you may take into consideration the character of the defendants; but if, on the other hand, you believe this case has been made out; if you believe these parties have committed the crime, it makes no matter what their character is, it is your duty to convict them." The error assigned upon this charge is, that the court took away from the consideration of the jury the good character of the defendants, unless the jury should be doubtful as to whether they committed the crime or not; in other words, that he instructed the jury, in substance, that they must consider all the other evidence in the case, and after doing so, if they were doubtful as to the guilt of the defendant, then they might consider proof of good character; but if the other evidence introduced

did not make it a doubtful case, they could not consider the good character of the accused.

We think the court restricted the jury too much in this instruction. Evidence of good character, when offered by the defendant in a criminal case, is always relevant, and therefore is always material; and if it is material, in our opinion it should go to the jury and have such weight as the jury see proper to give it. If it is material, it should be considered by the jury, not merely where the balance of the testimony in the case makes it doubtful whether the defendant is guilty or not, but where such evidence of good character may of itself generate a doubt as to the defendant's guilt. Good character is a substantive fact, like any other fact tending to establish the defendant's innocence, and ought to be so regarded by the court and jury. Like all other facts proved in the case, it should be weighed and estimated by the jury, for it may render that doubtful which otherwise would be clear. Of course if the guilt of the accused is plainly proved to the satisfaction of the jury, it is their duty to convict, notwithstanding proof of good character; but where the evidence is doubtful and conflicting, the importance of the character of the accused is increased. We think this is the meaning of the cases where this subject has heretofore been treated of by this court: *Epps vs. State*, 19 *Ga.* 102; *Thomas vs. State*, 59 *Ga.* 784; *Coxwell vs. State*, 66 *Ga.* 309; *Jackson vs. State*, 76 *Ga.* 551. We think the proper construction of these cases is, that where the guilt of the accused is made by proof to appear to the satisfaction of the jury, they are authorized to convict, regardless of the good character of the accused; but that the jury have a right to consider the good character of the defendant, not merely where his guilt is doubtful under the other testimony in the case,

but where such testimony of good character may of itself generate this doubt. "The old rule that evidence of good character of the accused is not to be considered by the jury, unless the other evidence leaves their mind in doubt, is no longer in force." Commonwealth vs. Leonard, Supreme Court of Massachusetts, 4 N. E. Rep. 96. See also Wharton's Crim. Ev. 8 ed. §66, and notes; State vs. Henry. 5 Jones (N. C.), 65; Stover vs. People, 56 N. Y. 315; Jupitz vs. People, 34 Ill. 516; State vs. Gustavson, 50 Iowa, 194; Kistler vs. State, 54 Ind. 400; Fields vs. State, 47 Ala. 603; Carson vs. State, 50 Ala. 134; Williams vs. State, 52 Ala. 411; State vs. McMurphy, 52 Mo. 251; People vs. Bell, 49 Cal. 486; People vs. Shepardson, Id. 629; Becher vs. State, (Pa.) 9 Atlantic Rep. 510; Hanvey vs. State, Id. 339; United States vs. Jackson, 29 Fed. Rep. 503; United States vs. Jones, 31 Fed. Rep. 718.

We might suppose the case of a person of the highest character in the community, charged with the crime of larceny, the testimony against him positive, and by witnesses who could not be impeached in the ordinary methods known to the law, the only defence which the accused could offer being his own good character; will it be said that the jury should not be allowed to consider his good character? Suppose the Bishop of Georgia, a man of exalted character, should be accused of crime, and his only defence should be his good character, would it for a moment be said that the jury should not consider this character unless the other evidence in the case should create a doubt as to his guilt? Should the character which for half a century he has worked to establish, and has established before the whole people, go for naught, simply because he cannot bring forward other evidence to raise a doubt as to his guilt? In this day of large

fortunes on the one hand, and poverty on the other, all that many of us have is the good character we have striven to establish from our youth up, and it would be hard indeed if, when accused of crime, the good character we have maintained for so many years should not be of benefit to us. We think that where a man by his conduct in life has established a good character, he should be allowed, when charged with crime, to put that character in issue before the jury, and that the jury should have the right to consider it, whether there is any other evidence in behalf of the accused or not.

2. As the case must go back for a new trial on this ground, it is unnecessary to consider in this opinion the remaining grounds of the motion, except the 8th, which relates to the testimony of Pritchett. If what Pritchett testified to was a part of the *res gestœ*, we think it was admissible ; if it was not a part of the *res gestœ*, it was too vague and uncertain to be admissible.

Judgment reversed.