## DILLARD *v.* HOLTZENDORF.

EVANS, P. J.   1. A plea of non est factum may be established by circumstantial as well as direct testimony.   Where the payee and maker of a note are brothers, and the suit is by the former against the administrator of the latter, and it is admitted that the maker did not sign the note, but that the payee signed the name of the maker, and where it is contended by the payee that the maker acknowledged its execution in the presence of the payee's son-in-law, and that the consideration of the note was medical attention given to the maker by the payee, a physician, while his brother was on a visit to him, it is competent to show that the value of the medical service alleged to have been rendered was grossly disproportionate to the amount of the note, as one of the circumstances tending to show that the maker, who was literate and not shown to have been incapacitated from signing his name, did not authorize or acknowledge the execution of the note.   Testimony that physicians in the locality of the venue of the suit were accustomed to charge certain fees for visits to patients was not inadmissible on the ground that such testimony was irrelevant and immaterial; no point being made that it did not appear that the charges in the two localities were similar.

2. The evidence was sufficient to sustain the verdict.
*Judgment affirmed.   All the Justices concur.*
MAY 14, 1913.

Complaint.   Before Judge Conyers.   Glynn superior court.   July 27, 1912.

*Hatton Lovejoy* and *Bolling Whitfield,* for plaintiff.
*J. D. Sparks,* for defendant.