10900.     METROPOLITAN LIFE INSURANCE CO. *v.* HAND.

JENKINS, P. J. This court cannot say, as a matter of law, that the jury was not authorized to find the verdict rendered, since it is supported by the sworn testimony of the plaintiff, which they had a right to accept and believe. The fact that in a criminal proceeding the beneficiary named in the policy sued on had been convicted of voluntary manslaughter, for the felonious killing of his wife, who was the assured named in the policy, would not prevent the jury in this proceeding from accepting his sworn testimony to the effect that such killing by him was accidental and unintentional.

The refusal of the trial court to admit in evidence a certified copy of the indictment, verdict, and sentence in the criminal case, in support of

the coroner's verdict (which latter was admitted in evidence under the terms of the policy), was not erroneous  *Cottingham* v. *Weeks*, 54 *Ga.* 275; *Tumlin* v. *Parrott*, 82 *Ga.* 732 (2) (9 S. E. 718); *Seaboard Air-Line Railway* v. *O'Quin*, 124 *Ga.* 357 (3) (52 S. E. 427, 2 L. R. A. (N. S.) 472); *Powell* v. *Wiley*, 125 *Ga.* 823 (1) (54 S. E. 732).

Nor was error committed in allowing testimony tending to show the general good character of the plaintiff, although unimpeached; since the nature of the action, and the affirmative defense set up thereto by the defendant, necessarily involved the same. Civil Code (1910), § 5745; *German American Mutual Life Association* v. *Farley*, 102 *Ga.* 720 (5) (29 S. E. 615).

The trial judge did not abuse his discretion in reopening the case in order to permit the plaintiff to introduce an additional witness to testify concerning one of the issues in the case.

*Judgment affirmed. Stephens and Smith, JJ., concur.*

Decided March 18, 1920.

Action on life-insurance policy; from city court of LaGrange — Judge Moon. August 27, 1919.

*Battle & Hollis,* for plaintiff in error.  *M. U. Mooty,* contra.