15452. NEILL, administrator, *v.* HILL.

BELL, J. 1. Suit against the administrator of Lou Hill, who died in September, 1922, was filed on April 13, 1923, by Dilsey Hill, upon a writing of which the following is a copy:

        "Columbus, Ga., Sep. 10, 1910.

"Received from Dilsey Hill $375. I agree to take care of her during her life. If [I] should die before she dies, she (Dilsey Hill) is to receive the sum of $500 from my estate. This agreement is in consideration of the above loan to me by her · (Dilsey Hill) of the $375. Resp.,

            her
        "Lou x Hill
          mark
         his
     "Witness: Jasper x Williams
         mark."

In one paragraph of the petition it was alleged that the defendant's in-testate failed and refused to comply with the terms of this agreement, in that she did not take care of petitioner "from September 10, 1910, until her decease," and did not furnish petitioner with "clothing, food, . . lodging, and other necessities of life." The court overruled a demurrer by which it was insisted that the action was based upon a breach of the alleged contract, occurring in September, 1910, and that, the writing not being under seal, the action was barred by the statute of limitations, because it was not brought within six years thereafter.

*Held:* The plaintiff having sued solely for the recovery of the sum of money which the alleged maker therein agreed should be paid to the plaintiff out of the maker's estate at her death, there was no error in overruling the demurrer. Civil Code (1910), § 4389.

2. Where two witnesses, including the alleged attesting witness, testified positively to having been present at the execution of the alleged instrument, and to having seen the defendant's intestate sign the same by her mark, and where the testimony of each was self-consistent and consistent with that of the other, and where the credibility of neither was attacked, and there were no circumstances to discredit either of them, unless in the fact that one of them was a nephew and the other a daughter of the payee, and where the testimony of the payee's. daughter was further that she wrote the instrument at the request of the alleged maker, who was "droopy and grievous" because of the recent death of her husband, and preferred the witness to do the writing because, as the maker said, the witness could write better,—it appearing without dispute that the maker could write but "poorly,"—there was no error in directing a verdict in favor of the plaintiff, and against a plea of non est factum filed by the administrator, where the only evidence in rebuttal to that introduced by the plaintiff, as stated above, was the testimony of a witness that he had known the intestate for a long time, that she could read and write, and that in 1910 and 1911 she indorsed in her own handwriting certain checks which this witness produced, to the number of five, that it was her habit and custom to sign her own name, that in July, 1910, she wrote a letter in her own hand to the witness's daughter, which also was produced, and that the witness never in his life knew her to sign her name by mark. This point is controlled by the decision of this court in *Jones* v. *Teasley,* 25 *Ga. App.* 784 (3) (105 S. E. 46), wherein it was ruled: "The mere fact that a person was sufficiently literate to be able to write out her own name, and was in the habit of doing so, is not only not inconsistent with the evidence of the unimpeached witness in the case, but such a circumstance does not render it inherently absurd or improbable that she together with her husband signed the instrument by mark, as shown by the undisputed evidence of an unimpeached witness."

(*a*) The testimony of witnesses who swear positively, and are not otherwise impeached or discredited, should not be discarded merely because they are related to the party in whose behalf they testify, although it is proper for the jury to consider such relationship when there is other matter by reason of which they may legitimately question the credibility of the testimony. 28 R. C. L. 660, § 245; *Central of Ga. Ry. Co.* v. *Bernstein,* 113 *Ga.* 175 (6) (38 S. E. 394); *Armstrong* v. *Ballew,* 118 *Ga.* 168 (2) (44 S. E. 996); *Macon & Birmingham R. Co.* v. *Revis,* 119 *Ga.* 332 (46 S. E. 41); *Detwiler* v. *Cox,* 120 *Ga.* 638 (48 S. E. 142); Civil Code (1910), § 5878.

(*b*) A fact cannot be established by circumstantial evidence which is perfectly consistent with direct, uncontradicted, reasonable and unimpeached testimony that the fact does not exist. *Frazier* v. *Ga. Ry. &c. Co.,* 108 *Ga.* 807 (1); *Hendon* v. *State,* 10 *Ga. App.* 78 (72 S. E. 522); *Georgia Ry. & Elec. Co.* v. *Harris,* 1 *Ga. App.* 714, 717 (57 S. E. 1076).

(*c*) Whether the evidence, introduced by the defendant, that the intestate or alleged maker was able to write her own name and was in the habit of doing so, might be relevant and furnish a "collateral prop" to other evidence, it could not have been within itself sufficient to support a verdict in favor of the plea, as against the character of evidence intro-

duced by the plaintiff in opposition thereto. This case is distinguishable from *Dillard* v. *Holtzendorf*, 140 *Ga.* 17 (1) (78 S. E. 414), and *Stewart* v. *White*, 143 *Ga.* 22 (1) (84 S. E. 63). In each of those cases there was other evidence in support of the plea.

In connection with the ruling in paragraph 2 above, see the following: *Mayes* v. *Power*, 79 *Ga.* 631 (2) (4 S. E. 681); *Atlanta & West Point R. Co.* v. *Newton*, 85 *Ga.* 517 (2) (11 S. E. 76); *Central Railroad Co.* v. *Kent*, 87 *Ga.* 402 (3) (13 S. E. 503); *Atlanta & West Point R. Co.* v. *Holcombe*, 88 *Ga.* 9 (1) (13 S. E. 751); *East Tenn. &c. R. Co.* v. *Kane*, 92 *Ga.* 187 (4) (18 S. E. 18, 22 L. R. A. 315); *Atlanta & West Point R. Co.* v. *Smith*, 94 *Ga.* 107 (3) (20 S. E. 763); *Atlanta Consolidated Street Ry. Co.* v. *Bates*, 103 *Ga.* 333 (6) (30 S. E. 41); *Conyers* v. *Ford*, 111 *Ga.* 754 (2) (36 S. E. 947); *Southern Railway Co.* v. *O'Bryan*, 112 *Ga.* 127 (3) (37 S. E. 161); *DeNieff* v. *Howell*, 138 *Ga.* 248 (2) (75 S. E. 202); *Georgia Southern & Florida Ry. Co.* v. *Thornton*, 144 *Ga.* 481 (1) (87 S. E. 388); *Ham* v. *Brown*, 2 *Ga. App.* 71 (3) (21 S. E. 204); *Western & Atlantic R. Co.* v. *Slate*, 23 *Ga. App.* 225 (3) (97 S. E. 878); *Brooke* v. *Cartersville Chero-Cola Bottling Co.*, 23 *Ga. App.* 671 (97 S. E. 778); *Republic Truck Sales Corp.* v. *Padgett*, 30 *Ga. App.* 474 (12) (118 S. E. 435); *Zucker* v. *Whitridge*, 205 N. Y. 50 (98 N. E. 209, 41 L. R. A. (N. S.) 683), and note; 10 R. C. L. 955, § 127.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 17, 1924.

Complaint; from Muscogee superior court—Judge Munro. February 13, 1924.

*Worsley & Flournoy,* for plaintiff in error.

*Hatcher & Hatcher,* contra.