19173. HENDERSON v. JEFFERSON STANDARD LIFE INSURANCE CO.

BELL, J. 1. In a suit upon a life-insurance policy, where the defendant pleaded that the policy was void because the insured in his application had given materially false answers to the questions, "Have you been disabled or received medical or surgical attention within the past five years?" and "Have you consulted a doctor for any cause not included in the above answers?", it was permissible for the defendant to prove that a few months before applying for the insurance the insured made to third persons declarations contrary to the facts stated in the application, the same being admissible as declarations of a person, since deceased, against his interest, and not made with a view to pending litigation. Civil Code (1910), § 5768; *Chandler* v. *Mutual Life &c. Asso.,* 131 *Ga.* 82 (61 S. E. 1036); *Murdock* v. *Adamson,* 12 *Ga. App.* 275 (3) (77 S. E. 181); *Freeman* v. *Metropolitan Life Ins. Co.,* 35 *Ga. App.* 770 (4) (134 S. E. 639).

2. While it is true that where a defense to a suit upon an insurance policy is such as to impute fraud to the insured in obtaining the policy, and where the fact of perpetration of the fraud is otherwise issuable under the evidence, proof of the good character of the insured may be relevant and admissible for consideration by the jury in determining the preponderance of evidence in regard to such defense, yet the testimony of witnesses who are uncontradicted and are not otherwise impeached or discredited, and who swear positively to facts sustaining the defense, should not be discarded by the jury merely because of evidence of the insured's previous good character. In such a case the evidence as to the insured's character for honesty and integrity would not, as against the other evidence, be sufficient to make the question of

610

his fraud in procuring the policy an issue of fact for determination by the jury so as to prevent the direction of a verdict in favor of the insurer upon such defense. *Jones* v. *Teasley*, 25 *Ga. App.* 784 (3) (105 S. E. 46); *Neill* v. *Hill*, 32 *Ga. App.* 381 (2) (123 S. E. 30). This court did not hold to the contrary when this case was here upon a prior occasion, but it was then ruled that, irrespective of what might have been the effect of proper evidence of the insured's good character, there was no such evidence thereof as could have been considered by the jury as rebutting the evidence introduced by the defendant insurer. *Jefferson Standard Life Ins. Co.* v. *Henderson*, 37 *Ga. App.* 704 (141 S. E. 498). Under the law as laid down upon the former hearing, which became the "law of the case," the evidence upon the last trial conclusively established the defense pleaded, and the court properly directed the verdict in favor of the defendant.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 11, 1929.

*G. Lee Dickens, Sibley & Sibley,* for plaintiff.
*Bryan & Middlebrooks, Allen & Pottle,* for defendant.