### 23926.  McRAE *v.* BOYKIN.

DECIDED JULY 16, 1936.  REHEARING DENIED JULY 29, 1936.

*George G. Finch,* for plaintiff.

*W. G. Grant, Marion Smith, J. A. Branch, J. W. Austin, E. A. Stephens, J. W. LeCraw, W. S. Howard, R. E. Gardner,* for defendant.

SUTTON, J.  This case was brought to this court by direct bill of exceptions, in which there were certain assignments of error on the admission of evidence in behalf of the defendant, over objection of the plaintiff, on the rejection of certain testimony offered by the plaintiff and objected to by the defendant, and on the failure of the judge to write out his charge and read it to the jury, after a timely written request to do so had been given him by the plaintiff. The defendant in error made a motion to dismiss the bill of exceptions. This court rendered its decision at the October term 1934, overruling defendant in error's motion to dismiss the writ of error, and reversing the judgment because the judge failed to write out his charge and read it to the jury as requested by the

plaintiff, and also holding that certain rulings of the court as to the admission of defendant's evidence over objection of plaintiff and as to the rejection of evidence of the plaintiff on objection of defendant were erroneous; but further holding, by a majority of the court concurring, that such admission and rejection of evidence were not reversible error as presented by the direct bill of exceptions. *McRae* v. *Boykin,* 50 *Ga. App.* 866 (179 S. E. 535). The defendant in error made application to the Supreme Court for certiorari, to review the rulings of this court that were adverse to him; and the plaintiff in error also made application to the Supreme Court for certiorari, to review the rulings of this court that were adverse to him. The plaintiff's petition for certiorari was denied, but that of the defendant was granted, and the case was placed on the calendar for argument and assignment. See 50 *Ga. App.* 902. The Supreme Court rendered its decision holding that a direct exception could be taken to the refusal of the judge to write out his charge, when duly requested, and that the Court of Appeals properly denied the defendant in error's motion to dismiss the plaintiff in error's bill of exceptions on the ground that the errors assigned were not such as could be reviewed by a bill of exceptions without a motion for new trial, but that the Court of Appeals erred in reversing the judgment because of the failure to write out the judge's charge and read it to the jury, in that the plaintiff's counsel, after requesting the court so to do, waived the right to have the charge written out and read to the jury. *Boykin* v. *McRae,* 182 *Ga.* 252 (185 S. E. 246).

When a judgment by this court has been reversed by the Supreme Court on certiorari, the clerk of this court, upon receipt of the remittitur from the Supreme Court, shall bring the matter to the immediate attention of the division of this court which rendered the decision, "for such further order as may be proper in the case." Code, § 24-3648. Upon the issuance of the remittitur in this case by the Supreme Court and its transmission to this court, counsel for the plaintiff in error filed in this court what he terms "his motion to revise the opinion" rendered by this court and appearing in 50 *Ga. App.,* supra, in certain designated particulars, on the ground that certain rulings of this court in the case adverse to him were erroneous. The jurisdiction of the Court of Appeals of a writ of error attaches when it is filed in the clerk's

office of this court, and continues as long as the writ of error is in this court and until the remittitur or mandate of this court is sent to the trial court. Where there has been a decision· and judgment in the case, the jurisdiction of this court of the case extends to the end of the term, unless the remittitur is sooner sent to the trial court. "The remittitur from this court shall contain the judgment of the court . . and unless otherwise ordered, or unless a notice of intention to apply to the Supreme Court for the writ of certiorari or a motion for a rehearing has been previously filed, shall be transmitted to the clerk of the trial court as soon as practicable after the expiration of ten days from the date of the judgment." Code, §§ 24-3644, 24-3646. A case decided in the Court of Appeals remains pending therein until the adjournment of the term at which the decision was rendered, unless the remittitur has been transmitted to the trial court. Until then the judgment of the reviewing court is subject to be modified or entirely changed, on motion of either party for a rehearing, timely filed, or by the court ex mero motu. *In re Fite,* 11 *Ga. App.* 665 (76 S. E. 397). A motion for a rehearing must be filed in the office of the clerk of this court during the term at which the judgment sought to be reviewed was rendered, and before the remittitur in the case has been forwarded to the clerk of the trial court. Code, § 24-3643.

The Supreme Court and the Court of Appeals have no jurisdiction to entertain a motion for a rehearing at a term subsequent to that at which the decision in the case was rendered. *Cooper* v. *Portner Brewing Co.,* 113 *Ga.* 1 (38 S. E. 347); *Grant* v. *State,* 45 *Ga.* 477. A motion for a rehearing filed after the adjournment of the term at which the decision was rendered can not be considered. *Greene County* v. *Wright,* 127 *Ga.* 150 (56 S. E. 288). Aliter before the expiration of the term and before the remittitur has gone down. See *Seaboard Air-Line Ry.* v. *Jones,* 119 *Ga.* 907 (47 S. E. 320); *Wheatley* v. *Glover,* 125 *Ga.* 711, 733 (54 S. E. 626); *Byrd* v. *Clark,* 170 *Ga.* 912 (154 S. E. 881). Where within the time prescribed by law a petition for certiorari is filed, the mandate of this court shall be held up by the clerk of this court pending the disposition of the certiorari by the Supreme Court; and where the writ is granted, the remittitur is stayed until the disposition thereof by that court. Code, §§ 24-3644, 24-3646; *Georgia Power Co.* v. *Decatur,* 181 *Ga.* 187, 192 (182

S. E. 32) ; Kingman v. Western Mfg. Co., 170 U. S. 675, 678, 680 (18 Sup. Ct. 786, 42 L. ed. 1192) ; Omaha &c. Co. v. Omaha, 216 Fed. 848 (2), 855; Burget v. Robinson, 123 Fed. 262. It seems that these decisions hold that the effect of staying the mandate is to toll the term so far as the jurisdiction of the intermediate court of the case is concerned; and that that court may in a proper case, after the term at which the decision was rendered has passed, modify, change, amend, and revise its decision, while the case is still pending in that court. Also see *Central of Ga. Ry. Co.* v. *Keating,* 47 *Ga. App.* 336 (170 S. E. 497) ; *Hall* v. *Slaton,* 38 *Ga. App.* 619 (144 S. E. 827) ; *Slaton* v. *Hall,* 168 *Ga.* 710 (148 S. E. 741, 73 A. L. R. 891), s. c. 172 *Ga.* 675 (158 S. E. 747) ; *Hall* v. *Slaton,* 40 *Ga. App.* 288 (149 S. E. 306). The proceeding in this court must, in such a case, be in conformity to the ruling of the Supreme Court in the case. However, it is to be remembered that in passing on a case that is up on certiorari the Supreme Court does not pass on all the questions in the case or on all the rulings made by this court, but only on those questions clearly presented by the petition for the writ of certiorari. Code, § 24-4549; *Mitchell* v. *Owen,* 159 *Ga.* 690, 701 (127 S. E. 122). The present case is not like *Kiser* v. *Doyal,* 51 *Ga. App.* 30 (179 S. E. 578), 182 *Ga.* 175 (184 S. E. 860). In that case the judgment of this court was affirmed by the Supreme Court on certiorari. "Where a judgment of this court is affirmed by the Supreme Court, or where the writ of certiorari is denied, the remittitur of this court shall issue immediately upon the filing of the remittitur from the Supreme Court. No entry upon the minutes shall be made." Code, § 24-3647. This court has no further jurisdiction in the case. When a judgment is reversed the situation is different. "Where a judgment of this court is reversed, or where instruction is given by the Supreme Court, the clerk, upon receipt of the remittitur, shall bring the matter to the immediate attention of the division which rendered the decision complained of, for such further order as may be proper in the case." Code, § 24-3648.

As above stated, the plaintiff in error applied to the Supreme Court for a certiorari to review that portion of the decision adverse to him and which he now asks this court to revise and change, but his certiorari was denied. Assuming, under the authorities above cited, that this court has jurisdiction and power to revise,

modify, and change its decision on questions which it has determined and which have not been necessarily reopened by virtue of the decision of the Supreme Court on certiorari or its mandate, still, under the record and proceedings had in this case in this court and the Supreme Court, we are of the opinion that the rulings heretofore made by this court should not be changed or modified, except in accordance with the decision and mandate of the Supreme Court on the certiorari. The plaintiff's motion is therefore denied. In accordance with the ruling of the Supreme Court in this case, the ruling of this court granting a new trial because of the failure of the judge to write out his charge and read the same to the jury is vacated, and the judgment of the trial court is affirmed.

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., dissents.*

STEPHENS, J. I am of the opinion that the errors pointed out in paragraphs 2, 3, and 5 of the syllabus and the opinion, as appear in the report of this case in 50 *Ga. App.* 866 (179 S. E. 535), constituted error demanding the grant of a new trial. Being of this opinion, I dissent from the judgment of affirmance.