35100. LAWLER *v.* LIFE INSURANCE COMPANY OF GEORGIA.

DECIDED JULY 12, 1954—REHEARING DENIED JULY 26, 1954.

*Robert L. Royal, E. J. Clower,* for plaintiff in error.
*C. T. Culbert, J. Lon Duckworth,* contra.

FELTON, C. J. In this action by Mrs. Lillian Latimer Lawler, as beneficiary in a life insurance policy issued to her husband, the defendant insurance company defended on the ground that the insured procured a reinstatement of the policy by falsely and fraudulently answering two questions in the application for reinstatement, (1) by stating that he had not consulted a physician during the previous five years and, (2) by stating that he had never had a surgical operation or been a patient in a hospital or sanitorium, when as a matter of fact since the issuance of the policy he had had a resection by which over half of his stomach was removed. The insurance agent who took the application for reinstatement testified that he asked the insured the questions involved and that he inserted the answers in the application as given by the insured and that thereafter the insured took the application, appeared to read it over, and then signed it. Three

witnesses testified as to the good character of the insured. The court directed a verdict for the insurance company and the plaintiff excepted.

1. The evidence showed that if there was a misrepresentation it was a material one.

2. The only question for decision on the correctness of directing a verdict is whether proof of the good character of the insured is alone sufficient to overcome positive testimony to the effect that the insured was guilty of the fraud alleged by the insurance company. Georgia does not follow the majority rule as to when one's character is put in issue. In Georgia, when a party is charged with fraud or acts of moral delinquency, the good character of the party is admissible in evidence to rebut it. *McNabb* v. *Lockhart & Thomas*, 18 *Ga.* 495; *Ricks* v. *State*, 70 *Ga. App.* 395 (28 S. E. 2d 303) and cases cited; *Metropolitan Life Ins. Co.* v. *Marshall*, 65 *Ga. App.* 696 (6) (16 S. E. 2d 33); *McClure* v. *State Banking Co.*, 6 *Ga. App.* 303 (65 S. E. 33); Code § 38-202; 78 A. L. R. 650. In *German American Mut. Life Assn.* v. *Farley*, 102 *Ga.* 720 (5) (29 S. E. 615) it was held that evidence of the insured's good character was admissible to rebut any inference unfavorable to the insured which might have been deduced from the evidence. The only difference between that case and this one is that in the *Farley* case there was no testimony by an insurance agent that he filled in the answers in the application as given to him by the insured. So the ruling in the *Farley* case means that evidence of good character alone is sufficient to overcome the presumption or inference that the insurance agent correctly filled in the insured's answers to the questions and that the insured read and signed the application as correctly filled out by the insurance agent. The ruling in the *Farley* case is not merely to the effect that the evidence is admissible in evidence and is not obiter on the question of the sufficiency of the character evidence alone to overcome the evidence of fraud for the simple reason that *the character evidence was the only evidence contradicting the charge of fraud,* and in such a case *it would not even be admissible, if it was not of itself sufficient to overcome the charge of fraud if the jury chose to accept it.* The question in this case is whether evidence of the good character of the insured alone is sufficient (if believed by the jury) to

contradict and overcome the testimony of the insurance agent to the effect that he filled in the answers as given by the insured and that the insured read and signed the application as so prepared. We think that a jury should have the right to find that evidence of good character of the insured is alone sufficient to rebut the uncontradicted evidence of a witness who impeaches the conduct of an insured in such manner, which means that the evidence of good character of the insured could be held in effect to impeach the testimony of the agent, and such a ruling as here made would not violate the rule that the uncontradicted and unimpeached testimony of a witness must be believed in preference to facts and circumstances consistent with the testimony. Good character is not consistent with the perpetration of a fraud involving moral turpitude. If the insurance company had sought to cancel the policy before the death of the insured and the insured had testified that the answers were falsely inserted by the agent, evidence of the good character of the insured would have been admissible on the question of the insured's guilt and could have supplied the weight of evidence in the insured's favor. *Metropolitan Life Ins. Co.* v. *Hand,* 25 *Ga. App.* 90 (102 S. E. 647). In such event the result would be virtually that the character evidence alone determined the decision—the testimony of the insured and agent in effect canceling each other. We think that our conclusion is consonant with wholesome public policy. Upon an insured's death, his estate or beneficiary, under any other rule, would be at the mercy of unscrupulous witnesses on occasion and the priceless value of good character would in such instances be restricted to the duration of a person's life, and the judicial seal of approval would be put upon the idea that the evil that men do lives after them but that the good must of necessity be interred with their bones. If good character is a virtue in anticipation of a life beyond the grave, it would be a travesty on truth itself to render it impotent on earth in the interval beyond the grave. There should be no exception to its value and its effect.

The ruling in *Henderson* v. *Jefferson Standard Life Ins. Co.,* 39 *Ga. App.* 609 (2) (147 S. E. 901), is contrary to what is herein decided and upon due and timely request to review and overrule it, to wit, on rehearing, the same is hereby expressly overruled.

See *Adkins* v. *State,* 103 *Ga.* 5 (29 S. E. 432), which is at least physical precedent that before a six-judge opinion of this court can overrule a three-judge opinion there must be an expressed request to do so. In the *Henderson* case, as in this, the agent testified. Neither case cited to support the ruling in that case actually supports it. In *Jones* v. *Teasley,* 25 *Ga. App.* 784 (105 S. E. 46) the circumstantial evidence is consistent with the testimony sought to be contradicted. It is possible for a person who can write his name to sign his name by mark. However, we think that the testimony of one of the defendants in that case should have been held to be admissible. In the first place the defendant denied signing the note. This evidence was excluded. It was clearly admissible as a straight-out denial of the execution of the note. And second, since the denial of the execution of the note was admissible, the testimony that the defendant usually wrote her name was admissible to corroborate her contention that she did not sign by a mark. In the case of *Neill* v. *Hill,* 32 *Ga. App.* 381 (2) (123 S. E. 30) the court correctly held that the ability of the intestate to write her own name and her habit of doing so was alone not enough to overcome the direct evidence of the execution of the instrument by the deceased. These rulings are not authority for the proposition that evidence of the good character of a person is alone not enough to disprove a charge of fraud against that person for the reason that fraud is not consistent with good character while ability to write a name is consistent with a signature by mark.

In *Seymour* v. *State,* 102 *Ga.* 803, 805 (30 S. E. 263) it was held: "Good character is a substantive fact, like any other fact tending to establish the defendant's innocence, and ought to be so regarded by court and jury. *Shropshire* v. *State,* 81 *Ga.* 591. 'No matter how conclusive the other testimony may appear to be, the character of the accused may be such as to create a doubt in the minds of the jury, and lead them to believe, in view of the improbabilities that a person of such character would be guilty of the offense charged, that the other evidence in the case is false, or the witnesses mistaken.' Rice, Evid. Crim. § 371. Evidence of good character is not admitted as a mere makeweight, but as evidence of a positive fact, and may of itself, by the creation of a reasonable doubt, produce an acquittal. Weston

*v.* Com., 111 Pa. 251. Such evidence should be weighed and considered by the jury in connection with all the other evidence in the case. The rule is both reasonable and just. There are cases where, owing to the peculiar circumstances in which a man is placed, evidence of good character may be all he can offer in answer to a charge of crime."

"Evidence of good character, when offered by the defendant in a criminal case, is always relevant, and therefore is always material; and if it is material, in our opinion it should go to the jury and have such weight as the jury see proper to give it. If it is material, it should be considered by the jury, not merely where the balance of the testimony in the case makes it doubtful whether the defendant is guilty or not, but where such evidence of good character may of itself generate a doubt as to the defendant's guilt. Good character is a substantive fact, like any other fact tending to establish the defendant's innocence; and ought to be so regarded by the court and jury. Like all other facts proved in the case, it should be weighed and estimated by the jury, for it may render that doubtful which otherwise would be clear. Of course if the guilt of the accused is plainly proved to the satisfaction of the jury, it is their duty to convict, notwithstanding proof of good character; but where the evidence is doubtful and conflicting, the importance of the character of the accused is increased. We think this is the meaning of the cases where this subject has heretofore been treated of by this court: *Epps* v. *State,* 19 *Ga.* 102; *Thomas* v. *State,* 59 *Ga.* 784; *Coxwell* v. *State,* 66 *Ga.* 309; *Jackson* v. *State,* 76 *Ga.* 551. We think the proper construction of these cases is, that where the guilt of the accused is made by proof to appear to the satisfaction of the jury, they are authorized to convict, regardless of the good character of the accused; but that the jury have a right to consider the good character of the defendant, not merely where his guilt is doubtful under the other testimony in the case, but where such testimony of good character may of itself generate this doubt. 'The old rule that evidence of good character of the accused is not to be considered by the jury, unless the other evidence leaves their mind in doubt, is no longer in force.' [Citations.] We might suppose the case of a person of the highest character in the community, charged with the crime of

larceny, the testimony against him positive, and by witnesses who could not be impeached in the ordinary methods known to the law, the only defence which the accused could offer being his own good character; will it be said that the jury should not be allowed to consider his good character? Suppose the Bishop of Georgia, a man of exalted character, should be accused of crime, and his only defence should be his good character, would it for a moment be said that the jury should not consider this character unless the other evidence in the case should create a doubt as to his guilt? Should the character which for half a century he has worked to establish, and has established before the whole people, go for naught, simply because he cannot bring forward other evidence to raise a doubt as to his guilt? In this day of large fortunes on the one hand, and poverty on the other, all that many of us have is the good character we have striven to establish from our youth up, and it would be hard indeed if, when accused of crime, the good character we have maintained for so many years should not be of benefit to us. We think that where a man by his conduct in life has established a good character, he should be allowed, when charged with crime, to put that character in issue before the jury, and that the jury should have the right to consider it, whether there is any other evidence in behalf of the accused or not." *Shropshire* v. *State*, 81 *Ga.* 589, 591 (8 S. E. 450).

It is true that in criminal cases a greater weight of evidence is necessary on which a verdict of guilty may be based (the removal of reasonable doubt) than is required to authorize a verdict for the plaintiff in civil cases in which only a preponderance is required. However, this fact is not determinative of the question here involved. Good character alone, in a criminal case, may merely give rise to a reasonable doubt of a defendant's guilt, but on the other hand it could authorize a jury to find that there was no doubt in their minds at all that the defendant was innocent. So the fact that the evidence of good character must be stronger in a civil case than in a criminal case does not mean that it cannot be considered at all in a civil case simply because there is no other evidence on the particular issue involving the character of the party. The jury are the arbiters who solve the problems of reasonable doubt and preponderance of evidence.

In determining where a preponderance of the evidence lies, the jury must consider the probability or improbability of a witness' testimony. Nor is it of moment that evidence of good character is circumstantial evidence on the question of whether a fraud was committed. Any proved fact may be considered by a jury if it authorizes an inference which is inconsistent with the direct testimony of a witness. This is illustrated by the many cases where fraud was proved by circumstantial evidence directly contradicted by positive testimony. We see no reason why the contrary should not be true.

We can see no basis for the contention that the law announced in this case is unsound as a principle in a civil case because in a criminal case there is a presumption of innocence in favor of the accused. The effect of such a presumption is that the State has the burden of proving the accused guilty beyond a reasonable doubt. While there is no announced presumption in a civil case that the defendant is presumed to be not liable or subject to a judgment against him, the law on the question of burden of proof amounts to the equivalent of a presumption that the defendant is not liable until the plaintiff proves by a preponderance of the evidence that he is liable, etc. If there is a distinction it is one without a difference. The only difference between the application of the principle of the effect of character evidence alone in the two kinds of cases is that in a civil case it requires stronger evidence of good character on the part of a party having the burden of proof to prevail, or stronger evidence of good character on the party not having the burden to preclude the other side from prevailing by a preponderance of evidence. The character-evidence rule in criminal cases may be unsound but it is certainly the law in this State, and since there is no difference in principle in a civil case, the application of it in civil cases by this court seems imperative.

The ruling in *Northwestern Life Ins. Co.* v. *Montgomery*, 116 *Ga.* 799 (43 S. E. 79) is not contrary to what we have held. In that case there was no dispute about the insured's answering the questions as they appeared in the application. The only question was whether the insured was guilty of a moral fraud, to wit, whether the insured *intended to deceive* by the false answers. In the instant case the jury would have been authorized to

find, if they accepted the character evidence, that the insured did not make the false answers contained in the application for reinstatement.

3. The court erred in admitting in evidence the testimony of a physician that a mole was sometimes a pre-cancerous type when there was no evidence that the insured had a mole.

4. There is no merit in the contention that the two divisions of this court, sitting as one court, have no authority to pass on a case when one judge is disqualified. Assuming but not deciding that the Supreme Court's authority as to supplying a judge in the place of a disqualified judge applies to this court when the two divisions sit as a single court, it does not follow that such a court composed of less than six judges is always without authority to act. We give this construction to the contention of movant for the special reason that it urges only that the case be reassigned to a single division and that the judgment of the trial court be affirmed.

The original judgment of reversal is vacated by reason of the fact that at the time of the original judgment there was no request to review and overrule the *Henderson* case, and a new judgment of reversal is ordered and the foregoing opinion is substituted for the original.

The court erred in directing a verdict for the defendant.

*The judgment of the trial court is reversed on rehearing. Gardner, P. J., Carlisle and Quillian, JJ., concur. Townsend, J., concurs specially. Nichols, J., disqualified.*

TOWNSEND, J., concurring specially. On my first consideration of this case I approved, with grave doubt as to its correctness, the opinion as written. Pending the motion to rehear I continued to consider the principle enunciated therein and at times felt that when the matter was again before me I would be unable to maintain my former position. However, after a thorough study of the case on rehearing, and after having carefully read each of the briefs of all the counsel and amici curiae, which indeed reflect a great deal of study and work, I am more firmly wedded to the position that evidence of good character is alone sufficient to overcome positive testimony to the effect that a party was guilty in connection with a material issue in the case of base, dishonorable or criminal conduct. This rule of evidence

has its origin in Code § 38-202 which provides as follows: "The general character of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." This Code section applies to both criminal and civil cases. The annotations of cases under it are of both classes. In *Shropshire* v. *State*, 81 *Ga.* 589, cited and quoted from in the opinion of the court, evidence of good character in a criminal case is held to be a substantive fact, like any other fact tending to establish the defendant's innocence, and should be so regarded by the court and jury. In *German American Mut. Life Assn.* v. *Farley*, 102 *Ga.* 720, cited in the opinion of the court, it is held that evidence of good character was admissible "to rebut any inference unfavorable to him [the assured] which might have been deduced from the evidence offered against him." In *Shropshire* v. *State* it is held as follows: "Evidence of good character, when offered by the defendant in a criminal case, is always relevant and therefore is always material; and if it is material, in our opinion it should go to the jury and have such weight as the jury sees proper to give it. If it is material, it should be considered by the jury, not merely where the balance of the testimony in the case makes it doubtful whether the defendant is guilty or not, but where such evidence of good character may of itself generate a doubt as to the defendant's guilt."

The *Farley* case quoted with approval *McNabb* v. *Lockhart & Thomas*, 18 *Ga.* 495, wherein it is ruled as follows: "In civil cases such evidence is always admissible when the nature of the action involves the general character of the parties." The *Farley* case, like the one here under consideration, involved the truth of certain answers made by the insured to the defendants in an application for insurance. If the answers there were false, the insured had attempted to perpetrate a fraud on the insurance company. This is also true here. It was there held: "We think the issue in this case involved directly the character of the assured. He was charged with having perpetrated a gross fraud upon the insurance company. Evidence of his good character was admissible to rebut any inference unfavorable to him which might have been deduced from the evidence offered against him."

Here, as in the *Farley* case, the insured, after having made his application for insurance, died. Here, as in the *Farley* case, the insurance company contends that the answers of the insured were false. Since evidence of good character in the *Farley* case was held to be admissible to rebut any inference unfavorable to him which might have been deduced from the evidence offered against him, evidence of good character here must be held to authorize the same effect. The evidence offered against the plaintiff in the *Farley* case was the signed statement of the insured containing answers shown to be false. The evidence offered against the plaintiff here was the signed statement of the insured containing answers shown to be false. The ruling in the *Farley* case on this subject cannot be held to be obiter or immaterial. While there were other issues involved in the *Farley* case, nevertheless, in order to affirm the case, it was necessary for the Supreme Court to hold that the evidence of good character on this question was admissible. One of the reasons why it was held to be admissible was that the insured was charged with an attempt to perpetrate a gross fraud on the insurance company, and evidence of his good character was admissible for the purpose of rebutting the evidence thereof.

I therefore think that this case is controlled by Code § 38-202 and the Supreme Court cases generally on the subject of the evidence of good character, such as *Shropshire* v. *State* and cases there cited, and *German American Mutual Life Assn.* v. *Farley*, supra, and cases there cited. There is of course a distinction between criminal and civil cases as to the amount of mental conviction necessary to reach a verdict of guilty. In a criminal case the jury must be satisfied to a moral and reasonable certainty and beyond a reasonable doubt. In a civil case the plaintiff must make out its case by a preponderance of the evidence. The burden of proof is on the party asserting the fact sought to be established. Here the insurance company seeks to establish a fraud. On this issue, the burden of proof is on it to establish the fraud. I think the guilt of fraud in a civil case may be rebutted by the substantive fact of good character, which is "like any other fact tending to establish the defendant's innocence" and is held to be sufficient to generate a reasonable doubt in a criminal case. If such evidence will generate a reasonable doubt

as to guilt in a criminal case, I think it logically follows that it may prevent the party upon whom the burden of proof lies from establishing such guilt in a civil case. The origin of the rule of evidence in both civil and criminal cases comes from the same Code section. In both its weight and credit is for the jury to determine. *Henderson* v. *Jefferson Standard Life Ins. Co.*, 39 *Ga. App.* 609, supra, overruled by the opinion of the court herein, holds that evidence of good character under such circumstances is admissible but further holds that ". . . proof of the good character of the insured may be relevant and admissible for consideration by the jury in determining the preponderance of evidence in regard to such defense, yet the testimony of witnesses who are uncontradicted and are not otherwise impeached or discredited, and who swear positively to facts sustaining the defense, should not be discarded by the jury merely because of evidence of the insured's previous good character. In such a case the evidence as to the insured's character, honesty and integrity would not, as against the other evidence, be sufficient to make the question of his fraud in procuring the policy an issue of fact for determination by the jury so as to prevent the direction of a verdict in favor of the insurer upon such defense." This excerpt sounds somewhat like the charge of the court contained in *Shropshire* v. *State,* supra. No reference is made anywhere in the *Henderson* case to the *Shropshire* case or the *Farley* case. As it is a substantive fact, as seems to be held without qualification "like any other fact" it ought to be sufficient to make an issue for jury determination.

In the interest of brevity, I will not in this special concurrence undertake to distinguish the cases cited in the briefs of counsel for the insurance company and the brief of amicus curiae filed in this case. These cases and the argument of counsel in support of their contentions are very logical. A close case is presented, with cited precedents on both sides, which appear to support the contentions of each. As previously stated, after a thorough study of the entire subject, I think evidence of good character is sufficient, if so found by the jury, to overcome the positive testimony to the effect that a party was, guilty in connection with a material issue in the case of base, dishonorable or criminal conduct. Accordingly, I concur with the opinion of the majority reversing the case on this ground.