## 35100. LAWLER *v.* LIFE INSURANCE COMPANY OF GEORGIA.

DECIDED JANUARY 28, 1955.

*Robert L. Royal, E. J. Clower,* for plaintiff in error.

*J. Lon Duckworth, C. T. Culbert,* contra.

FELTON, C. J. 1. The Supreme Court, on certiorari, in *Life Insurance Company of Georgia* v. *Lawler*, 211 *Ga.* 246 (85 S. E. 2d 1), reversed the judgment of reversal rendered by this court for the two reasons given by the court. In the judgment of reversal the Supreme Court ordered that "such further action be taken by the Court of Appeals as may be necessary to give effect to the opinion filed in the case." In compliance with such order we now rule that the evidence of the good character of the insured alone was not sufficient to overcome the positive testimony of a witness for the insurance company, to the effect that the insured wilfully made a misrepresentation of a material fact in

an application for the reinstatement of an insurance contract, under the ruling in *Henderson* v. *Jefferson Standard Life Ins. Co.*, 39 *Ga. App.* 609 (2) (147 S. E. 901), and that the court did not err in admitting in evidence the testimony referred to in division 3 of this court's first opinion in this case.

2. We adhere to the first headnote in our first opinion. If there was a misrepresentation, it was a material one. See *Lawler* v. *Life Ins. Co. of Ga.*, 90 *Ga. App.* 481 (83 S. E. 2d 281).

3. The next question is whether this court is foreclosed from reversing the trial court for a reason not considered heretofore. In reversing judgments of this court the Supreme Court has followed two practices. It has reviewed the judgment of this court and affirmed it for a reason not decided by this court (*Central of Georgia Ry. Co.* v. *Yesbik*, 146 *Ga.* 769, 778, 92 S. E. 527); and it has reversed the judgment of this court for the reason that this court's reason or reasons were wrong and has left this court free to render any judgment not controlled by the particular rulings by the Supreme Court in reversing the judgment of this court. *Slaton* v. *Hall*, 168 *Ga.* 710 (148 S. E. 741, 73 A. L. R. 891). And this court, upon return to it of cases reversed on certiorari, has ruled on questions remaining in the case which were not covered by Supreme Court rulings. *Patellis* v. *King*, 52 *Ga. App.* 118 (182 S. E. 808); *Hall* v. *Slaton*, 40 *Ga. App.* 288 (149 S. E. 306). Since the adoption of certiorari rule 45 the Supreme Court has almost universally followed the provision that only the rulings of the Court of Appeals upon which error is assigned will be considered (*Drewry* v. *State*, 208 *Ga.* 239, 65 S. E. 2d 916, and citations), though the rule was not followed in *Dye* v. *Richards*, 210 *Ga.* 601 (81 S. E. 2d 820). See *Patellis* v. *King*, supra, division 1. See also *Georgia Power Co.* v. *City of Decatur*, 181 *Ga.* 187 (182 S. E. 32). This court has the jurisdiction and authority to decide the question whether the trial court erred in directing a verdict for any other reason than the ones dealt with in our first opinion.

It is quite clear from the Supreme Court's decision, especially in view of the dissenting opinion, that the court reversed the judgment of this court solely on the basis of the reasons given by this court for its judgment. The contention that this court is without jurisdiction other than to put the judgment of the

Supreme Court into effect because the remittitur from the Supreme Court was returned to this court during the last fifteen days of the second term in this court is without merit. During the last fifteen days of a term this court cannot render any judgment in a case except on a rehearing. This court had no authority to put the Supreme Court judgment into effect at the term the remittitur was returned to this court or to render any other judgment in the case. When a case is carried to the Supreme Court by certiorari, the term in the intermediate court is tolled. *McRae* v. *Boykin,* 54 *Ga. App.* 158 (187 S. E. 271), and citations.

4. In this court's first opinion in this case we held that the trial court erred in directing a verdict for the two reasons we advanced. The assignment of error was a general one, comparable to the exception to the ruling on a general demurrer or motion for a new trial on the general grounds, and this court is not restricted to the arguments of the parties in these circumstances. On general assignments of error such as we have in this case, to wit, that a verdict by the jury would have been authorized for the plaintiff, the appellant does not waive correct reasons for reversal because she overlooks or neglects them. So long as she insists on and argues her assignment, she cannot by waiver of reasons or arguments require bad law to be made. In our first opinion in this case we did not rule on the question whether the evidence authorized the jury to find for the plaintiff for the reason that the insurance company did not prove that it relied on the fraudulent misrepresentations. The proposition was not argued, and we were so engrossed in making what to us was a fascinating ruling, all to no avail, that the matter was probably overlooked for that reason. Anyway, it was overlooked. But because the minority opinion of the Supreme Court calls attention to the matter, this court will not be reversing the Supreme Court in reversing the trial court on the ground that a verdict would have been authorized for the plaintiff for the reason last stated. After our first opinion, this court could have withdrawn its opinion and could have reversed the trial court on rehearing on the above ground, and it may now reverse the trial court's judgment for any reason not foreclosed by the opinion and instructions from the Supreme Court. We now hold that

the trial judge erred in directing a verdict for the insurance company because there was no evidence whatever to the effect that the insurance company relied on the fraudulent misrepresentations in reinstating the policy of insurance. There is no presumption and no required inference that the company relied on the misrepresentations contained in the application for reinstatement made by the insured from the mere fact that the application was filed and the policy reinstated. The company may have known the truth about the insured from some other investigation, doctor's examination, etc. "A misrepresentation not acted on is not ground for annulling a contract." Code § 96-202. The law on this subject is so well settled as not to require citation of additional authority.

The court erred in directing a verdict for the defendant.

*Judgment reversed. All the Judges concur except Nichols, J., who is disqualified.*