40314. GEORGIA, SOUTHERN & FLORIDA RAILWAY
COMPANY v. MEEKS.

DECIDED JULY 8, 1964—REHEARING DENIED JULY 27, 1964.

Bloch, Hall, Groover & Hawkins, Steve F. Mitchell, Charles
J. Bloch, for plaintiff in error.

Lewis, Lewis, Whaley & Cagle, T. J. Lewis, Jr., Seymour
Owens, contra.

JORDAN, Judge. This was a suit under the Federal Employers'
Liability Act. In an opinion decided on December 3, 1963, and
reported in 108 Ga. App. 808, this court held that the trial
court erred in denying the defendant's motion for judgment not-
withstanding the verdict. This judgment was reversed by the
Supreme Court of the United States in its judgment of June 1,
1964, and the case was remanded to this court for further pro-
ceedings not inconsistent with the opinion of the Supreme Court.
In accordance with the mandate of the Supreme Court, the
judgment of this court of December 3, 1963, has been vacated.
We now affirm the trial court's denial of the defendant's motion
for judgment notwithstanding the verdict.

We must now consider the defendant's assignment of error
on the denial of its amended motion for new trial which was
not considered and ruled upon in the original opinion as such
was unnecessary in view of the ruling that the defendant was
entitled to a judgment notwithstanding the verdict. The plain-
tiff's contention that this court is without jurisdiction at this
time to consider the assignment of error on the denial of the
defendant's amended motion for new trial is without merit.
Lawler v. Life Ins. Co. of Ga., 91 Ga. App. 443 (85 SE2d 814);
Baker v. Shockey, 93 Ga. App. 595 (92 SE2d 314).

The defendant in special grounds 5 and 6 of the amended
motion for new trial assigned error on the following excerpts
from the charge of the court:

"The law imposes an absolute and non-delegable duty upon

the master to inspect the place and see that it is free from danger." (Special ground 5).

"The master cannot excuse itself by saying that it did not know of the danger. It is its duty to know, and negligent ignorance is in law equivalent to knowledge." (Special ground 6).

It is contended in these grounds that the charges complained of were erroneous for the reasons that they constituted the defendant an insurer of the safety of the plaintiff and that they imposed upon the defendant a "far greater duty" than that imposed by law under the Federal Employers' Liability Act, the legally imposed duty being only to exercise ordinary care in inspecting the place in which its servant was to work to discover danger and to exercise ordinary care in seeing that it was free from danger.

These contentions are meritorious. As stated in Sano v. Pennsylvania R. Co., 282 F2d 936, 937: "The Federal Employers' Liability Act imposes upon the employer the duty to use reasonable care to furnish his employees a safe place to work. Bailey v. Central Vermont Ry., 1943, 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444; Schilling v. Delaware & H. R. Corp., 2 Cir., 1940, 114 F2d 69; Kaminski v. Chicago River & Indiana R. Co., 7 Cir., 1953, 200 F2d 1. The liability of the employer is not absolute but is grounded on negligence. Brady v. Southern Ry. Co., 1943, 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239; Burch v. Reading Co., 3 Cir., 1957, 240 F.2d 574, certiorari denied 1957, 353 U.S. 965, 77 S.Ct. 1049, 1 L.Ed.2d 914. It is to be determined under the general rule which defines negligence as the failure to use due care under the circumstances; or the failure to do what a reasonable and prudent man would have done under the same or similar circumstances. Tiller v. Atantic Coast Line R. Co., 1943, 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610. Although reasonableness depends upon the danger attending the place or machinery the duty to use reasonable care is a continuing one from which the carrier is not relieved because the employee is working at a place where the danger is fleeting or infrequent. Bailey v. Central Vermont Ry., supra. *However, before the employer can be charged with negligently failing to provide a safe place to work he must have actual or constructive*

*knowledge of the defective condition.* Schilling v. Delaware & H. R. Corp., supra; Kaminski v. Chicago River & Indiana R. Co., supra." (Emphasis supplied).

"Actual or constructive notice that a sufficient piece of equipment has become defective or dangerous through use must be shown to establish negligence on the part of the employer before an injured employee can recover damages." Atlantic Coast Line R. Co. v. Collins, 235 F2d 805, 808.

"The rule in respect to machinery, which is the same as that in respect to place, was thus accurately stated by Mr. Justice Lamar, for this court, in Washington & Georgetown Railroad v. McDade, 135 U.S. 554, 570 (10 Sup. Ct. 1044, 34 L.Ed 235); 'Neither individuals nor corporations are bound, as employers, to insure the absolute safety of machinery or mechanical appliances which they provide for the use of their employees. Nor are they bound to supply the best and safest or newest of those appliances for the purpose of securing the safety of those who are thus employed. They are, however, bound to use all reasonable care and prudence for the safety of those in their service, by providing them with machinery reasonably safe and suitable for the use of the latter. If the employer or master fails in this duty of precaution and care, he is responsible for any injury which may happen through a defect of machinery which was or ought to have been, known to him. . .'" Patton v. Texas & Pacific R. Co., 179 U.S. 658, 664 (21 SC 275, 45 LE 361).

It is abundantly clear from these decisions that the defendant was not under an *absolute* duty to know of any dangers in the machinery or place of work provided its employees but was only under the duty to exercise ordinary care to inspect same to discover conditions of danger; it must therefore have actual or constructive knowledge of any defects or dangerous conditions to establish negligence on its part. The charges complained of, as contended by counsel for the defendant, placed the defendant under "a far greater duty" than that imposed by law; and said charges were clearly prejudicial to the defendant under the pleadings and evidence in this case.

The plaintiff in count 2 of his petition alleged that his injuries

were sustained as a result of the undue exertion required to move a derailer which allegedly was old, worn, and rusty and which had not been greased or oiled for approximately six months prior to the occurrence; and was stiff, tight, defective, and difficult to throw. It was alleged that the defendant was negligent in failing to inspect the derailer; in requiring the plaintiff to throw the derailer, knowing that the same was improperly maintained and difficult to turn or throw; in failing to grease or oil the derailer; and in failing to furnish the plaintiff a safe place to work. In this regard the plaintiff testified that the derailer was not working properly, that it required more than an ordinary amount of exertion to turn it, that he had experienced difficulty with it before, and that to his knowledge the derailer had not been properly maintained and greased for six months prior to the time he was hurt.

The defendant on the trial of the case, however, produced as a witness in its behalf Dennis L. Martin, an Assistant Track Supervisor, whose testimony authorized the jury to find that this derailer had been inspected by him every two weeks and that he had always found the derailer to be in good condition and working properly and that he had kept it properly oiled. The evidence also disclosed that the plaintiff had made no report concerning any previous difficulty encountered by him in throwing the derailer.

In our opinion, the testimony of Mr. Martin, if accepted by the jury, was sufficient to authorize the jury to find that the defendant was not negligent in any of the particulars charged in count 2 of the petition. As stated in Webb v. Illinois Central R. Co., 352 U.S. 512, 515 (77 SC 451, 1 LE2d 503): "It was for the jury to weigh the evidence and to decide whether or not the inspections satisfied respondent's duty to provide the petitioner with a safe place to work."

The trial court, however, by charging the jury that the defendant had an absolute duty to see that the "place" was free from danger and that it was the defendant's "duty to know" of any danger, in effect withdrew this evidence from the jury's consideration; and the giving of such erroneous and prejudicial charges requires the grant of a new trial.

The trial court on the subsequent trial of this case in charging the jury on the applicable provisions of the Federal Employers' Liability Act should not omit that part of the Act of which complaint is made in special ground 2. The trial court's omission of this section was clearly erroneous, and since the case is to be tried again, it is unnecessary to determine whether the same was prejudicial error.

The remaining special grounds are without merit. Under the mandate of the Supreme Court of the United States we hold that the general grounds are without merit.

*Judgment affirmed in part; reversed in part. Nichols, P. J., and Frankum, J., concur.*